HAROLD WOOLSEY v. STATE.

No. 29,810. May 21, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) June 25, 1958.

*Elmer McVey,* Fairfield, and *W. A. Keils, Jr.,* Teague, for appellant.

*Raymond Thornton,* District Attorney, Belton, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for assault with intent to murder with malice with two prior convictions of felonies less than capital alleged for the purpose of enhancement; the punishment, life imprisonment.

The state's testimony shows that on the day in question Sheriff C. F. Stubblefield, of Mills County, the injured party, with his deputy E. O. McLean, left Mills County around 9:00 A.M. in the sheriff's automobile to transport the appellant and two other prisoners, Ray Larkin and John Alton Smith, to the Texas State Penitentiary at Huntsville. On the trip Sheriff Stubblefield drove the automobile with Deputy McLean seated in front with him and the three prisoners handcuffed and locked together seated on the back seat. As they were traveling on Highway 164 between the cities of Donie and Buffalo in Freestone County the appellant and Smith succeeded in freeing themselves from the handcuffs and appellant grabbed Sheriff Stubblefield's pistol from its holster and, at the same time, Smith grabbed Deputy McLean's pistol. As the sheriff stopped the car, grabbed a sawed-off shotgun and got out, both appellant and Smith opened fire upon him. In the shooting at least six shots were fired by appellant and Smith at the sheriff, one bullet entering the right side of the sheriff's cheek, lodging in the left jaw, and producing a wound which could likely have caused death. The state's testimony further shows that after the shooting appellant fled into the countryside and when apprehended by the officers had in his possession the sheriff's pistol containing four empty shells.

The state introduced in evidence certified copies of the indictment, judgment and sentence in Cause No. 4224, styled The

State of Texas v. Harold Woolsey, on the docket of the district court of San Saba County, Texas, wherein the defendant was convicted in said cause on the 8th day of September, 1954, of the offense of burglary and sentenced to 5 years' confinement in the penitentiary. Appellant was identified at the trial by the sheriff of San Saba County as the person so convicted.

The state also introduced in evidence certified copies of the indictment, judgment and sentence in Cause No. 1883, styled The State of Texas v. Harold Gene Woolsey, on the docket of the district court of Mills County, Texas, wherein the defendant was convicted on the 9th day of October, 1957, of the offense of burglary and sentenced to 5 years confinement in the penitentiary. Appellant was likewise identified at the trial by the Honorable Raymond Thornton, District Attorney of the 27th Judicial District of Texas as the person so convicted in the cause.

Appellant did not testify.

Appellant questions the sufficiency of the allegations in the indictment for enhancement and insists that the indictment fails to allege that the two prior convictions were for offenses committed prior to the commission of the primary offense or that the second conviction was for an offense committed subsequent to the first conviction. The indictment alleges in chronological order the commission of the two prior offenses and convictions therefor and the subsequent commission of the primary offense. The indictment clearly shows that prior to the commission of the primary offense the appellant had been convicted in the two prior cases and that the second conviction was for an offense committed subsequent to the first conviction. Similar allegations were held sufficient in an indictment in White v. State, 157 Texas Cr. Rep. 171, 247 S.W. 2d 396. See, also, Clifton v. State, 156 Texas Cr. Rep. 655, 246 S.W. 2d 201. We hold the indictment to be sufficient.

Appellant insists that the prior conviction in Mills County on October 9, 1957, could not have been a final conviction on October 10, 1957, the date the primary offense was alleged to have been committed, because of the lapse of only one day between the date of the conviction and the commission of the offense. The indictment, judgment, and sentence introduced in evidence by the state shows appellant's conviction in Mills County on October 9, 1957. No notice of appeal is shown to have been given. This was sufficient. Ellis v. State, 134 Texas Cr. Rep. 346, 115 S.W. 2d 660; Broughton v. State, 148 Texas Cr. Rep. 445,

188 S.W. 2d 393 and Whiddon v. State, 160 Texas Cr. Rep. 23, 266 S.W. 2d 167.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.

Opinion approved by the Court.