The State relies upon Rice v. State, 163 Tex.Cr.R. 367, 292 S.W.2d 114; Martinez v. State, 160 Tex.Cr.R. 142, 268 S.W.2d 139; Usener v. State, 161 Tex.Cr.R. 62, 274 S.W.2d 710 and Ellison v. State, 154 Tex.Cr.R. 406, 227 S.W.2d 545, in each of which the evidence was held sufficient though there was no testimony from a witness present at the prior trial to identify the defendant as the person previously convicted.

The cases cited all dealt with a prior conviction in the county court for an offense for which a jail term could be assessed and at the trial of which the presence of the defendant was mandatory. We are unwilling to extend these holdings to cases where the defendant is not required to attend the trial. The evidence shows that in the Lubbock Corporation Court anyone may appear before the Cashier and pay a fine, which results in the entry of a judgment of conviction against the person to whom a designated traffic ticket was issued.

We conclude that the evidence is insufficient to sustain a finding that appellant was previously convicted as alleged. Without the prior convictions available for

enhancement, the punishment assessed is in excess of the maximum provided for the offenses charged.

The judgment is reversed and the cause remanded.

**Joe AGUIRRE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 31225.**

Court of Criminal Appeals of Texas.

Jan. 20, 1960.

R. E. L. Looney, Austin, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant was convicted as a second offender under the Uniform Narcotic Drug Act, Art. 725b, Vernon's Annotated Penal Code, for the unlawful possession of heroin and his punishment assessed at confinement in the penitentiary for 22 years.

The State's testimony shows that the prosecuting witness, Richard Martinez, was a police officer in the City of San Antonio, who, on occasions worked as an undercover agent in the Narcotics Division of the Texas State Department of Public Safety. During the month of December, 1958, Officer Martinez was assigned to work in Travis County. On December 8, 1958, while Officer Martinez was working in the City of Austin he was asked by certain individuals if he would like to buy some narcotics and upon answering in the affirmative he was directed and accompanied by the individuals to the appellant's home in the eastern part of the city where, after being introduced, appellant stated "I understand you want to buy some narcotics." Upon Officer Martinez's reply that he did, appellant stated "I have it stashed" and "* * * We will have to go quite a ways out." Appellant then got in the automobile and drove with Officer Martinez and the other individuals out on the Lockhart highway. After driving off the main highway and stopping at appellant's direction, appellant got out of the automobile, went across the road and returned in approximately two minutes saying "Okey, let's go." Thereupon, appellant got back in the automobile where Officer Martinez gave him $12 and subsequent thereto appellant gave the officer a capsule containing a whitish substance.

An examination of the substance contained in the capsule by Chemist George M. Taft, Jr. of the Department of Public Safety revealed that it was heroin.

In proving the prior alleged conviction the State introduced in evidence the original indictment, judgment and sentence in cause No. 28,362, styled the State of Texas v. Joe Aguirre on the docket of 53rd Judicial District Court of Travis County, Texas, wherein the defendant in said cause

was convicted on the 4th day of May, 1955, of the offense of possession of a narcotic drug and assessed punishment at confinement in the State penitentiary for two years. It was shown by the testimony of Deputy Sheriff Howard E. Bowden that the appellant was the person so convicted.

Appellant did not testify but called as a witness, his mother, who gave no testimony bearing upon the issue of appellant's guilt.

■ Appellant insists that the evidence is insufficient to prove the prior alleged conviction because the indictment alleged that he had been previously convicted of the offense of "unlawful" possession of a narcotic drug whereas the judgment introduced in evidence only adjudged appellant guilty of "possession of a narcotic drug." The omission in the judgment of the word "unlawful" in describing the offense did not render the same insufficient to sustain the allegation of the indictment. The indictment in the prior alleged conviction which was introduced in evidence charged that the appellant did "unlawfully possess a narcotic drug, to-wit: marihuana." The judgment entered in the prior conviction when construed in connection with the indictment therein clearly shows appellant's prior conviction for the offense of unlawfully possessing a narcotic drug as alleged.

Appellant moved to quash the indictment on various grounds.

■ It is first contended that the indictment was insufficient to show that it was the act of a grand jury of the proper county as required by subdivision 3 of Art. 396, Vernon's Annotated Code of Criminal Procedure because at the beginning of the first paragraph it recited: "The Grand Jurors for the County of Travis State aforesaid." While it ap-

pears that the one who drafted the indictment failed to place a comma between the words "Travis" and "State" a reasonable construction of the indictment as a whole shows that it was the act of a grand jury of Travis County.

■ It is next insisted that the allegations of the indictment were insufficient to allege the prior conviction. The indictment was in two counts. In the first count it was alleged that on or about the 8th day of December, 1958, the appellant committed the primary offense. In the second count it was alleged "that prior to the commission of the aforesaid offense by the said Joe Aguirre, on the 4th day of May 1955, * * *" he was duly and legally convicted of the prior alleged offense. The indictment clearly alleges that prior to the commission of the primary offense the appellant was duly and legally convicted of the prior offense. Such allegation was sufficient. Woolsey v. State, Tex. Cr.App., 314 S.W.2d 298.

The remaining contentions urged by appellant have been considered and do not present error.

■ The judgment entered by the court upon the jury's verdict fixed appellant's punishment at confinement in the State penitentiary for 22 years. In pronouncing sentence the court ordered that appellant be confined in the State penitentiary for an indeterminate term of not less than 2 years nor more than 2 years. The sentence is reformed to provide that appellant be confined in the State penitentiary for an indeterminate term of not less than 10 nor more than 22 years so as to conform to the jury's verdict and judgment of the court.

The judgment is affirmed.

Opinion approved by the Court.