**Daniel L. REAGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36000.**

Court of Criminal Appeals of Texas.

Oct. 16, 1963.

Rehearing Denied Nov. 20, 1963.

Dooley & Hoerster, Fredericksburg, for appellant.

Robert R. Barton, County Atty., Kerrville, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving a motor vehicle upon a public highway while the appellant's operator's license was suspended; the punishment, a fine of $200.00.

No statement of facts accompanies the record. Only one question is presented by brief for review. The cause of the suspension of appellant's operator's license was his conviction for the offense of driving while intoxicated which occurred in the County Court at Law # 3 of Bexar County on November 8, 1962, at a term of Court which the State concedes did not expire until after December 2, 1962, the date on which the offense in question is alleged to have been committed. Appellant's contention that the driving while intoxicated conviction was not a final conviction for this reason cannot be sustained. In Woolsey v. State, 166 Tex.Cr.R. 447, 314 S.W.2d 298, we had practically the same situation except that only one day elapsed between the two convictions. There we held that since no notice of appeal appeared to have been given in the first case, such conviction might be utilized for the purpose of enhancement.

The judgment in the Bexar County driving while intoxicated case contains no nota-

tion as to a notice of appeal having been given and Woolsey and the cases there cited are controlling.

Finding no reversible error, the judgment is affirmed.