Kevin PATTERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–84–678–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 24, 1985.

Rehearing Denied Nov. 14, 1985.

John Ackerman, Houston, for appellant.

John B. Holmes, Dist. Atty., Timothy G. Taft, Charles A. Noll, Asst. Dist. Attys., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

OPINION

SEARS, Justice.

Appellant was charged by indictment with the offense of aggravated robbery. The indictment also alleged two prior convictions to be used for enhancement purposes. The first, Cause No. 346,808, was a conviction for the unauthorized use of a motor vehicle. The second, Cause No. 394,316, was a conviction for robbery. After a plea of not guilty, appellant was found guilty of the charge by a jury. The state then abandoned the first enhancement paragraph of the indictment concerning the unauthorized use of the motor vehicle. The jury found the second enhancement paragraph true and assessed punishment at thirty-five years in the Texas Department of Corrections (T.D.C.). We affirm the judgment as modified.

Appellant urges three grounds of error. The first is that the trial court erred in allowing the use of appellant's prior conviction in Cause No. 394,316 for enhancement

purposes and in denying his motion for new trial. Appellant argues that the conviction in that cause was not final and therefore could not be used for enhancement purposes. The record includes a judgment and sentence from the 184th District Court on Cause No. 394,316, signed by Judge Coker and dated April 10, 1984. This judgment indicates appellant was sentenced to two years in the Texas Department of Corrections. The judgment, along with appellant's "jail card" from Harris County, reflects that he began serving his sentence in the Harris County Jail on December 14, 1983, the day after the offense was committed. Appellant's "jail card" further indicates that he was released on April 24, 1984, by the authority of Judge Coker. Appellant's release was the result of the trial court granting his "Motion for Parole" on April 10, 1984.

■ Appellant argues that since Judge Coker had no authority to grant parole, the Order of April 10, 1984, must be construed as a suspension of the sentence in Cause No. 394,316, or as the granting of probation. If the Order is construed as appellant contends it must, then the conviction in Cause No. 394,316 is not final for enhancement purposes. *See Ex parte Murchison,* 560 S.W.2d 654, 656 (Tex.Crim.App.1978) (en banc), and cases cited therein. No authority exists for the court's action in granting appellant "parole," as this is clearly an executive function. Further, if the court intended to suspend or probate the sentence, the judge would have stated it in the record. We hold the Order is void and of no effect because the trial court had no authority to grant "parole." There is nothing else in the record which would indicate the judgment and sentence in Cause No. 394,316 was not final for enhancement purposes. Appellant served time in the Harris County Jail from December 14, 1983, until April 24, 1984.

■ Appellant contends the conviction cannot be final because he did not serve any time in T.D.C. However, whether he actually served time in T.D.C. after being sentenced in Cause No. 394,316 is not dispositive of the question of whether the conviction in that cause was final for enhancement purposes. The case of *Woolsey v. State,* 166 Tex.Crim. 447, 314 S.W.2d 298 (1958), provides an analogous situation. In that case, Woolsey had been convicted and sentenced in two prior felonies before his conviction on the primary offense of assault with intent to murder with malice. In fact, Woolsey committed the primary offense against the sheriff and deputy in whose custody he was confined while *en route* to the State Penitentiary in Huntsville the day after he was convicted and sentenced in the second prior felony. Although Woolsey had not yet served time in the Texas Department of Corrections, the Court of Criminal Appeals held that the judgment and sentence in the second prior felony, properly introduced into evidence the day before, was sufficiently final to be used for enhancement of the punishment in the primary offense. *Id.,* 314 S.W.2d at 300. We overrule appellant's first ground of error.

■ Appellant complains in his second ground of error of insufficient evidence to prove the person convicted in Cause No. 394,316 was the appellant. At the punishment phase of trial, the state introduced into evidence a certified copy of the judgment and sentence in Cause No. 394,316 and appellant's Harris County jail record. This evidence was supported by the testimony of a fingerprint expert who identified the prints on Cause No. 394,316 to be the same as the known prints he had previously taken from appellant. This proof is sufficient to show that the appellant is the same person previously convicted. *Daniel v. State,* 585 S.W.2d 688, 690 (Tex.Crim. App.1979). Appellant claims, however, that the jail record strikes out the reference to him and Cause No. 394,316, thereby bringing into question the identity of appellant and the person on the jail record. An examination of the jail record indicates that references to appellant and the cause number were not struck out, but were merely typed over a preexisting line on the form.

Appellant's second ground of error is overruled.

In his final ground of error, appellant argues the trial court erred in overruling his objection to the state's improper jury argument. The record contains the following:

> MR. NOLL: (The Prosecutor) ... You know your decision in this case speaks as the conscience of this community. You speak for this community; and you hear some people sometimes wherever you go, at church, at parties, in bars, anywhere—
>
> MR. BARKSDALE: (Defense Attorney) We would object. This [is] irrelevant and leading the Jury to believe that the community expects something of them.
>
> THE COURT: Stay in the record.
>
> MR. NOLL: Yes, Your Honor.
>
> THE COURT: Sustained.
>
> MR. NOLL: I ask you that if someone were to come up to you and say to you when are they going to do something about the crime in Harris County? I want you to be able to look—
>
> MR. BARKSDALE: Same objection, Your Honor.
>
> THE COURT: Overruled.
>
> MR. NOLL: I want you to be able to look back and say I did something about crime in Harris County. I sat on a jury on an aggravated robbery the other day and listened to the evidence and I knew the man was guilty and when they say when are we going to do something about crime in Harris County, you'll be proud to say I was down there and I did something about it. Because, ladies and gentlemen, today you are "they."

■ The trial court properly sustained appellant's first objection, but we find nothing objectionable in the subsequent portion of the state's argument to which appellant objected. While the argument following appellant's overruled objection may or may not have been a proper plea for law enforcement, *compare Cortez v. State*, 683 S.W.2d 419 (Tex.Crim.App.1984), and *Minafee v. State*, 482 S.W.2d 273 (Tex.Crim.

App.1972), appellant objected before the statement was completed. We do not know what the prosecutor would have said, and what was said does not amount to such an egregious error as to be grounds for reversal. Appellant's third ground of error is overruled.

We affirm the judgment of the trial court, but modify it to read that the state abandoned the first enhancement paragraph of the indictment rather than the second enhancement paragraph. The trial court erred in the judgment by stating the second enhancement paragraph was abandoned. (It should read the second paragraph of the *indictment*, or, the *first* enhancement paragraph.) The indictment, the trial court's minutes and the statement of facts all confirm the state abandoned Cause No. 346,808, which was contained in the first enhancement paragraph and was the second paragraph of the indictment.

We affirm the judgment as modified.