**Leland Ray MILBURN, Appellant,**

v.

**The STATE of Texas.**

**No. PD–1219–05.**

Court of Criminal Appeals of Texas.

Sept. 20, 2006.

Harold L. Comer, Pampa, for Appellant.

Lynn Switzer, District Atty., Pampa, Matthew Paul, State's Atty, Austin, for State.

KELLER, P.J. delivered the opinion of the unanimous court.

Appellant was convicted of a felony and placed on community supervision. Before the time had expired for filing a notice of appeal from that conviction, he was con-

victed of the present offense. The question here is whether he was entitled to a jury instruction on community supervision in this case, in spite of his previous conviction. The answer to this question is "yes."

## I.  BACKGROUND

### A.  Trial

Appellant was arrested for possession of methamphetamine and oxycodone on July 13, 2001. He pleaded guilty to possession of a controlled substance (methamphetamine) on December 18, 2003, and he was placed on community supervision.

The next day, on December 19, 2003, a jury convicted appellant of possession of a controlled substance (oxycodone).[1] During the punishment phase on December 20, 2003, the trial court, over objection, admitted a certified copy of a judgment of conviction[2] for possession of methamphetamine on December 18, 2003. At the close of the evidence at the punishment phase, appellant objected to the failure of the court's charge to include an instruction to the jury on community supervision. Noting that the record contained the judgment for a felony conviction, the trial court overruled the objection. The jury then assessed punishment at nine years' imprisonment and a $500.00 fine, and the trial court imposed sentence in accordance with the jury's verdict.

### B.  Appeal

The court of appeals affirmed, holding that the trial court did not err in refusing to instruct the jury on community supervi-

---

1.  Before voir dire, appellant filed his election for the jury to assess punishment in the event of conviction and his sworn application for community supervision from the jury in which appellant swore that he had never before been convicted of a felony in the State of Texas or any other state.

2.  There is no evidence in the record regarding whether appellant appealed his conviction for possession of methamphetamine.

sion because appellant failed to show that he did not have a previous, final felony conviction.[3] Relying upon *Jones v. State,*[4] the court of appeals held that a conviction is deemed "final" for the purpose of determining community supervision eligibility[5] if there is no evidence that the defendant has filed a notice of appeal.[6]

## C. Parties' Contentions

Appellant contends that *Jones* is in conflict with *Jordan v. State*[7] on the issue of whether a previous conviction is final when the time for filing a notice of appeal has not yet expired. He argues that it is illogical that a defendant could suffer the adverse consequences of an underlying conviction that is regular on its face but later is retroactively nullified by the appellate process. Appellant therefore urges that a conviction should not be final until the time for filing notice of appeal has expired or appeal is otherwise precluded by Article 44.02. Because the time for filing a notice of appeal from appellant's previous conviction case had not yet expired, appellant claims that his previous conviction was not final and that the Court of Appeals erred in upholding the trial court's refusal to instruct the jury on community supervision during punishment.

The State rejoins that there is no conflict between *Jordan* and *Jones* because the issue in the present case is "not primarily a finality-of-conviction issue" but "is

a burden-of-proof issue." Under *Jones,* the State contends, the defendant has the burden to show that the previous conviction case is on appeal in order to attack the finality of the previous conviction; *Jordan,* on the other hand, is silent on whether the defendant has any burden of proof. The State suggests that, in the context of a conviction that is less than 30 days old, the defendant "holds his fate in his own hands": he meets his burden by filing a notice of appeal and introducing it into evidence; the burden then shifts to the State to prove, beyond a reasonable doubt, that the conviction has been affirmed and mandate has issued.

## II. ANALYSIS

■ Article 42.12, § 4 provides in relevant part:

Sec. 4.  (a) A jury that imposes confinement as punishment for an offense may recommend to the judge that the judge suspend the imposition of the sentence and place the defendant on community supervision. A judge shall suspend the imposition of the sentence and place the defendant on community supervision if the jury makes that recommendation in the verdict.

*\* .\* \**

(e) A defendant is eligible for community supervision under this section only if before the trial begins the defendant

---

3.  *See Milburn v. State,* No. 07–04–0100–CR, 2005 WL 1412055, at \*1, 2005 Tex.App. LEXIS 4679, \*2 (Tex.App.-Amarillo June 16, 2005) (not designated for publication).

4.  77 S.W.3d 819, 820 (Tex.Crim.App.2002) (holding that a conviction is deemed final on the date of sentencing, when there is no evidence that notice of appeal was filed).

5.  Tex.Code Crim. Proc. art. 42.12, § 4(e). Unless otherwise indicated, all references to Articles refer to the Code of Criminal Procedure.

6.  *Milburn,* 2005 WL 1412055, at \*1, 2005 Tex.App. LEXIS 4679, at \*2–3.

7.  36 S.W.3d 871, 877 (Tex.Crim.App.2001) (holding that a prior conviction is not final and cannot be used to deny appellant community supervision in the primary offense if appellant still has time to file a motion for new trial in the prior conviction case).

files a written sworn motion with the judge that the defendant has *not previously been convicted of a felony* in this or any other state, and the jury enters in the verdict a finding that the information in the defendant's motion is true.

■■■ The phrase "convicted of a felony," appearing in the community supervision statute, means a "final" conviction.[8] A conviction is not final if it is on appeal, so if the previous conviction is on appeal, the trial court errs in refusing to instruct the jury on community supervision.[9] Although not considered "final" for some purposes,[10] a judgment of conviction in which community supervision is imposed can qualify as a final conviction for the purpose of determining whether a defendant is eligible for community supervision on a second offense.[11]

In *Jordan*, we considered whether a defendant was eligible for community supervision when his prior conviction had not been appealed, but the time for filing a motion for new trial or appeal had not expired.[12] The defendant pled guilty to delivery of cocaine and was placed on deferred-adjudication community supervision.[13] His community supervision was subsequently revoked and, immediately after the revocation (during the same hearing), he pled guilty to unauthorized use of a vehicle, a state jail felony.[14] The trial court denied community supervision under Article 42.12, § 15,[15] because of the delivery conviction just pronounced.[16] We held that the trial court erred because, at the time of sentencing for the primary offense, the defendant still had time to file a motion for new trial in the proceeding involving the prior conviction, and as a result, the prior conviction was not final.[17]

In a footnote, we distinguished *Woolsey v. State*, a decision indicating that a judgment became final upon imposition if no appeal had been taken.[18] We observed that, because the *Woolsey* case involved enhancement provisions, by the time the case was tried, the judge at the trial on the primary offense would know, or could reasonably suppose, "that an appeal or a motion for new trial had not in fact been filed because the time for filing would have expired."[19] But the trial judge in *Jordan* could not have such knowledge, because at the time he was charged with making a decision, the defendant did in fact have time to file a motion for new trial.[20] As a

---

**8.** *Baker v. State*, 520 S.W.2d 782, 783 (Tex. Crim.App.1975). At that time "community supervision" was called "probation."

**9.** *Id.*

**10.** *See Ex parte Chappell*, 959 S.W.2d 627, 628 (Tex.Crim.App.1998)(Article 11.07 proceedings).

**11.** *Franklin v. State*, 523 S.W.2d 947, 947–948 (Tex.Crim.App.1975).

**12.** 36 S.W.3d at 872.

**13.** *Id.*

**14.** *Id.*

**15.** At the time, the statute required the judge to place the defendant on community supervision unless he had previously been convicted of a felony. *See* Art. 42.12, § 15 (1996).

**16.** *Jordan*, 36 S.W.3d at 872.

**17.** *Id.* at 876–877.

**18.** *Id.* at 876 n. 35 (discussing *Woolsey v. State*, 166 Tex.Crim. 447, 314 S.W.2d 298 (1958)).

**19.** *Id.* In *Woolsey*, we held that a prior conviction entered just one day before the defendant committed the primary offense may be used to enhance the primary offense as long as there is no evidence that a notice of appeal was ever filed. 314 S.W.2d at 300.

**20.** *Jordan*, 36 S.W.3d at 876 n. 35.

result, the trial judge's decision was subject to being vitiated merely by the defendant's subsequent filing of a motion for new trial or a notice of appeal.[21] We concluded that the trial judge should not be placed in the position of having to guess what a party is going to do next.[22]

In *Jones*, we addressed whether, for purposes of the mandatory driver's license suspension statute, a conviction is final after a defendant pleads guilty and is sentenced, but before the time for filing a notice of appeal has expired.[23] Pursuant to a guilty plea, Jones was convicted of possession of marijuana and placed on probation.[24] As a result of this conviction, his driver's license was automatically suspended[25] for six months.[26] Three weeks later, the defendant was stopped for running a stop sign and arrested for driving with a suspended license.[27] At the defendant's bench trial, a copy of the judgment and sentence for possession of marijuana—without any notation of an appeal—was introduced, along with a copy of his driver's license record showing that his license was automatically suspended on the date of the conviction.[28] Based on the evidence, the trial court found that Jones was guilty of driving with a suspended license and sentenced him to eleven days in jail and a $100 fine.[29] He appealed, contending that the evidence was legally and factually insufficient because, when he was arrested for driving with a suspended license, he still had time to file a notice of appeal in the drug case, and thus, it was not a "final conviction" under § 521.372(a).[30] We disagreed, holding that, for purposes of § 521.372, a conviction that appears to be regular, valid, and final on its face did not lack finality merely because the defendant still had an opportunity to appeal.[31] In reaching that holding, we analogized to the proof of final convictions in the context of punishment enhancements under § 12.42 of the Penal Code and cited, among other authorities, the *Woolsey* decision.[32]

While *Jones* is like *Woolsey*, the present case is like *Jordan*. In both *Jones* and *Woolsey*, whether the defendant had taken action to suspend the finality of the prior conviction was ascertainable at the time the trial judge rendered judgment in the subsequent case. Thus, the burden was on the defendant to demonstrate that a judgment that seemed regular on its face was not in fact final at the relevant point in time (when the new offense was committed) by showing that a motion for new trial or a notice of appeal had been filed. By contrast, in *Jordan* and the present case, whether the defendant took such action was not ascertainable at the time of judgment in the subsequent case because the defendant could still take such action in the future. Consequently, in the latter situation, the prior conviction must be deemed non-final because of the possibility

21. *Id.*

22. *Id.*

23. 77 S.W.3d at 820.

24. *Id.*

25. Tex. Transp. Code § 521.372(a) ("A person's driver's license is automatically suspended on final conviction of … a drug offense").

26. *Jones*, 77 S.W.3d at 820.

27. *Id.*

28. *Id.*

29. *Id.*

30. *Id.* at 821.

31. *Id.* at 824.

32. *See id.* at 820–22; Tex. Pen.Code § 12.42 ("Penalties for Repeat and Habitual Felony Offenders").

that the court's judgment could be retroactively vitiated by the mere filing of a motion for new trial or notice of appeal. Accordingly, the present case is controlled by *Jordan.*

The judgment of the court of appeals is reversed and the case is remanded for the court of appeals to conduct a harm analysis.