IN THE COURT OF CRIMINAL APPEALS

                 OF
 TEXAS

 

                                                                        

                                                         NO.
PD-1219-05

 

 

 

                                      LELAND RAY MILBURN, Appellant

 

                                                                       v.

 

                                                  THE
STATE OF TEXAS

 

 

             ON APPELLANTS
PETITION FOR DISCRETIONARY REVIEW

                              FROM
THE SEVENTH COURT OF APPEALS

                                                   HEMPHILL  COUNTY

 

 

                        Keller, P.J. delivered the opinion
of the unanimous court.  

 

            Appellant was
convicted of a felony and placed on community supervision.  Before the time had
expired for filing a notice of appeal from that conviction, he was convicted of
the present offense.  The question here is whether he was entitled to a jury
instruction on community supervision in this case, in spite of his previous
conviction.  The answer to this question is “yes.”  

I. 
BACKGROUND

                                                                  A.
Trial

            Appellant was arrested
for possession of methamphetamine and oxycodone on July 13, 2001.  He pleaded
guilty to possession of a controlled substance (methamphetamine) on December
18, 2003, and he was placed on community supervision.  








            The next day, on
December 19, 2003, a jury convicted appellant of possession of a controlled
substance (oxycodone).[1] 
During the punishment phase on December 20, 2003, the trial court, over
objection, admitted a certified copy of a judgment of conviction[2] for possession of methamphetamine
on December 18, 2003.  At the close of the evidence at the punishment phase,
appellant objected to the failure of the court’s charge to include an
instruction to the jury on community supervision.  Noting that the record
contained the judgment for a felony conviction, the trial court overruled the
objection.  The jury then assessed punishment at nine years’ imprisonment and a
$500.00 fine, and the trial court imposed sentence in accordance with the
jury’s verdict.

                                                                B.
Appeal

            The
court of appeals affirmed, holding that the trial court did not err in refusing
to instruct the jury on community supervision because appellant failed to show
that he did not have a previous, final felony conviction.[3]  Relying upon Jones v. State,[4] the court of appeals
held that a conviction is deemed “final” for the purpose of determining
community supervision eligibility[5]
if there is no evidence that the defendant has filed a notice of appeal.[6] 

                                                     C.
Parties’ Contentions

            Appellant
contends that Jones is in conflict with Jordan v. State[7]  on the issue
of whether a previous conviction is final when the time for filing a notice of
appeal has not yet expired.  He argues that it is illogical that a
defendant could suffer the adverse consequences of an underlying conviction
that is regular on its face but later is retroactively nullified by the
appellate process.  Appellant therefore urges that a conviction should not be
final until the time for filing notice of appeal has expired or appeal is
otherwise precluded by Article 44.02.  Because the time for filing a notice of
appeal from appellant’s previous conviction case had not yet expired, appellant
claims that his previous conviction was not final and that the Court of Appeals
erred in upholding the trial court’s refusal to instruct the jury on community
supervision during punishment.

            The
State rejoins that there is no conflict between Jordan and Jones
because the issue in the present case is “not primarily a
finality-of-conviction issue” but “is a burden-of-proof issue.”  Under Jones,
the State contends, the defendant has the burden to show that the previous
conviction case is on appeal in order to attack the finality of the previous
conviction; Jordan, on the other hand, is silent on whether the
defendant has any burden of proof.  The State suggests that, in the context of
a conviction that is less than 30 days old, the defendant “holds his fate in
his own hands”: he meets his burden by filing a notice of appeal and
introducing it into evidence; the burden then shifts to the State to prove,
beyond a reasonable doubt, that the conviction has been affirmed and mandate
has issued. 

II.  ANALYSIS

            Article 42.12, § 4 provides in relevant part:

Sec. 4. (a) A jury that imposes
confinement as punishment for an offense may recommend to the judge that the
judge suspend the imposition of the sentence and place the defendant on
community supervision. A judge shall suspend the imposition of the sentence and
place the defendant on community supervision if the jury makes that
recommendation in the verdict.

                                                         ***                                                                     

(e) A defendant is eligible for community
supervision under this section only if before the trial begins the defendant
files a written sworn motion with the judge that the defendant has not
previously been convicted of a felony in this or any other state, and the jury
enters in the verdict a finding that the information in the defendant's motion
is true.



            The
phrase “convicted of a felony,” appearing in the community supervision statute,
means a “final” conviction.[8] 
A conviction is not final if it is on appeal, so if the previous conviction is
on appeal, the trial court errs in refusing to instruct the jury on community
supervision.[9] 
Although not considered “final” for some purposes,[10] a judgment of conviction in
which community supervision is imposed can qualify as a final conviction for
the purpose of determining whether a defendant is eligible for community
supervision on a second offense.[11]

            In Jordan,
we considered whether a defendant was eligible for community supervision when
his prior conviction had not been appealed, but the time for filing a motion
for new trial or appeal had not expired.[12] 
The defendant pled guilty to delivery of cocaine and was placed on
deferred-adjudication community supervision.[13] 
His community supervision was subsequently revoked and, immediately after the
revocation (during the same hearing), he pled guilty to unauthorized use of a
vehicle, a state jail felony.[14] 
The trial court denied community supervision under Article 42.12, § 15,[15] because of the
delivery conviction just pronounced.[16] 
We held that the trial court erred because, at the time of sentencing for the
primary offense, the defendant still had time to file a motion for new trial in
the proceeding involving the prior conviction, and as a result, the prior
conviction was not final.[17] 


            In
a footnote, we distinguished Woolsey v. State, a decision indicating
that a judgment became final upon imposition if no appeal had been taken.[18]  We observed that,
because the Woolsey case involved enhancement provisions, by the time
the case was tried, the judge at the trial on the primary offense would know,
or could reasonably suppose, “that an appeal or a motion for new trial had not
in fact been filed because the time for filing would have expired.”[19]   But the trial
judge in Jordan could not have such knowledge, because at the time he
was charged with making a decision, the defendant did in fact have time to file
a motion for new trial.[20] 
As a result, the trial judge’s decision was subject to being vitiated merely by
the defendant’s subsequent filing of a motion for new trial or a notice of
appeal.[21] 
We concluded that the trial judge should not be placed in the position of
having to guess what a party is going to do next.[22]  

            In Jones,
we addressed whether, for purposes of the mandatory driver’s license suspension
statute, a conviction is final after a defendant pleads guilty and is
sentenced, but before the time for filing a notice of appeal has expired.[23]  Pursuant to a
guilty plea, Jones was convicted of possession of marijuana and placed on probation.[24]  As a result of this
conviction, his driver’s license was automatically suspended[25] for six months.[26]  Three weeks later, the
defendant was stopped for running a stop sign and arrested for driving with a
suspended license.[27] 
At the defendant’s bench trial, a copy of the judgment and sentence for
possession of marijuana – without any notation of an appeal – was introduced,
along with a copy of his driver’s license record showing that his license was
automatically suspended on the date of the conviction.[28]  Based on the evidence, the
trial court found that Jones was guilty of driving with a suspended license and
sentenced him to eleven days in jail and a $100 fine.[29]  He appealed, contending that
the evidence was legally and factually insufficient because, when he was
arrested for driving with a suspended license, he still had time to file a
notice of appeal in the drug case, and thus, it was not a “final conviction”
under § 521.372(a).[30] 
We disagreed, holding that, for purposes of  § 521.372, a conviction that
appears to be regular, valid, and final on its face did not lack finality
merely because the defendant still had an opportunity to appeal.[31]  In reaching that
holding, we analogized to the proof of final convictions in the context of
punishment enhancements under § 12.42 of the Penal Code and cited, among other
authorities, the Woolsey decision.[32]

            While
Jones is like Woolsey, the present case is like Jordan. 
In both Jones and Woolsey, whether the defendant had taken action
to suspend the finality of the prior conviction was ascertainable at the time
the trial judge rendered judgment in the subsequent case.  Thus, the burden was
on the defendant to demonstrate that a judgment that seemed regular on its face
was not in fact final at the relevant point in time (when the new offense was
committed) by showing that a motion for new trial or a notice of appeal had
been filed.  By contrast, in Jordan and the present case, whether the
defendant took such action was not ascertainable at the time of judgment in the
subsequent case because the defendant could still take such action in the
future.  Consequently, in the latter situation, the prior conviction must be
deemed non-final because of the possibility that the court’s judgment could be
retroactively vitiated by the mere filing of a motion for new trial or notice
of appeal.  Accordingly, the present case is controlled by Jordan.

            The
judgment of the court of appeals is reversed and the case is remanded for the
court of appeals to conduct a harm analysis.

Date delivered: September 20,
2006

Publish                                  









                [1]  Before voir dire,
appellant filed his election for the jury to assess punishment in the event of
conviction and his sworn application for community supervision from the jury in
which appellant swore that he had never before been convicted of a felony in
the State of Texas or any other state. 





                [2]  There is no
evidence in the record regarding whether appellant appealed his conviction for
possession of methamphetamine. 





                [3]  See Milburn v.
State, No. 07-04-0100-CR, 2005 Tex. App. LEXIS 4679, *2 (Tex. App.–Amarillo
June 16, 2005) (not designated for publication).





                [4]  77 S.W.3d 819,
820 (Tex. Crim. App. 2002) (holding that a conviction is deemed final on the
date of sentencing, when there is no evidence that notice of appeal was filed).
 





                [5] Tex. Code Crim. Proc. art. 42.12, §
4(e).  Unless otherwise indicated, all references to Articles refer to the Code
of Criminal Procedure.





                [6]  Milburn,
at *2-3.





                [7]  36 S.W.3d 871,
877 (Tex. Crim. App. 2001) (holding that a prior conviction is not final and
cannot be used to deny appellant community supervision in the primary offense
if appellant still has time to file a motion for new trial in the prior
conviction case).





                [8]  Baker v. State,
520 S.W.2d 782, 783 (Tex. Crim. App. 1975).  At that time “community
supervision” was called “probation.”  





                [9]  Id.





                [10]  See Ex parte
Chappell, 959 S.W.2d 627, 628 (Tex. Crim. App. 1998)(Article 11.07
proceedings).





                [11]  Franklin v.
State, 523 S.W.2d 947, 947-948 (Tex. Crim. App. 1975).





                [12]  36 S.W.3d at
872.





                [13]  Id.





                [14]  Id.





                [15]  At the time, the
statute required the judge to place the defendant on community supervision
unless he had previously been convicted of a felony.  See Art. 42.12,
§15 (1996).





                [16]  Jordan,
36 S.W.3d at 872.





                [17]  Id. at
876-877.





                [18]  Id. at
876 n. 35 (discussing Woolsey v. State, 166 Tex. Crim. 447, 314 S.W.2d
298 (1958)).





                [19]  Id.  In Woolsey, we held that a prior
conviction entered just one day before the defendant committed the primary
offense may be used to enhance the primary offense as long as there is no
evidence that a notice of appeal was ever filed.  314 S.W.2d at 300. 





                [20]  Jordan,
36 S.W.3d at 876 n. 35.





                [21]  Id.





                [22]  Id.





                [23]  77 S.W.3d at
820.





                [24]  Id.





                [25]  Tex. Transp.
Code § 521.372(a) (“A person’s driver’s license is automatically
suspended on final conviction of . . . a drug offense”).





                [26]  Jones, 77
S.W.3d at 820.





                [27]  Id.





                [28]  Id.





                [29]  Id.





                [30]  Id. at
821.





                [31]  Id. at
824.





                [32]    See id. at
820-22; Tex. Pen. Code § 12.42
(“Penalties for Repeat and Habitual Felony Offenders”).