NO. 07-06-0117-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 23, 2007
_____

JAMES RAY BARROW, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;

NO. B2969-0410; HONORABLE ED SELF, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

_____MEMORANDUM OPINION

Appellant James Ray Barrow appeals from a judgment revoking his community supervision and imposing sentence pursuant to a conviction for assault on a family member enhanced by a previous assault against a family member. We affirm.

Background

On October 26, 2004, the State indicted appellant for the offense of assault on a family member committed on October 7th and enhanced by a prior family violence assault conviction. Appellant was convicted of the prior offense on September 8, 2004. On

December 22, appellant pled guilty to the offense and was sentenced to three years confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court suspended the sentence and placed appellant on community supervision for three years. Appellant's terms and conditions of community supervision were later amended to include treatment for drug or alcohol abuse by confinement in a substance abuse felony treatment facility as well as attendance and successful completion of its treatment programs. Subsequently, the State filed a motion to revoke appellant's community supervision alleging that appellant failed to successfully complete the program at the substance abuse felony treatment facility and failed to refrain from the use of controlled substances. The trial court found that appellant had violated the conditions of community supervision, revoked the order placing him on community supervision, and ordered that appellant serve the sentence of three years confinement in the Institutional Division of the Texas Department of Criminal Justice.

Appellant appeals the order revoking his community supervision contending that the trial court did not have jurisdiction to find him guilty of the offense, and that the evidence was factually insufficient to support the trial court's finding of true to the alleged violations of community supervision. We affirm.

Court's Jurisdiction

In general, the validity of a conviction in which the defendant is placed on community supervision cannot be raised on appeal from a revocation order. See Burrell v. State, 492 S.W.2d 482, 484 (Tex.Crim.App. 1973). However, a judgment by a court

without subject matter jurisdiction is void and can be attacked at any time. See Nix v. State, 65 S.W.3d 664, 667-68 (Tex.Crim.App. 2001) (en banc). Since appellant contends that the district court lacks subject matter jurisdiction, appellant's contention fits within the void judgment exception and, thus, is properly before this court.

Appellant was indicted for an assault on a family member enhanced by a prior family violence conviction.[1] Appellant contends that a prior conviction used for enhancement purposes must have been final before the commission of the second assault. Since the two assaults occurred 29 days apart, appellant contends the time for appealing the first assault had not yet run and, thus, the first assault was not a final conviction and could not have been used for enhancement purposes. Without a prior conviction of family violence to enhance the second assault, appellant contends the assault would be a misdemeanor and the district court would be without jurisdiction. See TEX. CODE CRIM. PROC. ANN. art. 4.05 (Vernon 2005).

A prior conviction for which the time for filing an appeal has not run prior to the commission of a second offense may be used for enhancement purposes as long as there is no evidence that an appeal was ever filed. Woolsey v. State, 314 S.W.2d 298, 300 (Tex.Crim.App. 1958) (one day old conviction used for enhancement purposes). When a prior conviction is used for enhancement purposes, the trial court must be able to determine the finality of the prior conviction at the time the trial court is charged with

---

[1]Although an assault on a family member is generally a class A misdemeanor, a second conviction for assault on a family member is considered a third degree felony. See TEX. PENAL CODE ANN. § 22.01(b)(2) (Vernon Supp. 2006).

making a decision affected by the enhancement. See Milburn v. State, 201 S.W.3d 749, 752 (Tex.Crim.App. 2006). In this case, the time for filing an appeal on the first conviction of family violence assault had expired by the time the case was before the trial court on December 22. See TEX. R. APP. P. 26.2(a). Thus, the trial judge would know, or could reasonably suppose, "that an appeal or a motion for new trial had not in fact been filed because the time for filing would have expired." Id. (citing Jordan v. State, 36 S.W.3d 871, 876 n.35 (Tex.Crim.App. 2001)). Since the finality of the first assault conviction of family violence was ascertainable at the time the trial court rendered judgment on the second family violence assault, the second assault on a family member was properly enhanced to a third degree felony and the district trial court had jurisdiction. Id. at 753. We overrule appellant's first issue.

Probation Revocation

A probation revocation proceeding is neither a criminal nor a civil trial, but is rather an administrative proceeding. Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). The State must prove by a preponderance of the evidence that a defendant violated the terms of his community supervision. See id. Our review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. See Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984).

In its amended motion to revoke community supervision, the State alleged that appellant violated his community supervision in that: (1) "the defendant has failed to successfully complete the Substance Abuse Felony Treatment Facility; TO WIT . . . the

4

defendant was unsuccessfully discharged from the Substance Abuse Felony Treatment Facility Billy Meeks Transition Treatment Center," and (2) "the defendant [failed] not [to] use any controlled substances; TO WIT: A urine sample submitted by the defendant . . . did test positive for cocaine." Appellant contends that the evidence is factually insufficient to establish either violation.

The trial court had evidence that appellant's urine tested positive for cocaine while on community supervision. Evidence of a positive urine sample is sufficient evidence to establish that appellant has failed to refrain from use of controlled substances as required by community supervision. See Stevens v. State, 900 S.W.2d 348, 352 (Tex.App.–Texarkana 1995, pet. ref'd). A single violation of the conditions of community supervision is sufficient to support a trial court's revocation of the community supervision order. Id. Hence, the trial court did not abuse its discretion in finding that appellant had violated the terms of his community supervision.

Conclusion

For the foregoing reasons, we affirm.

Mackey K. Hancock
Justice

Do not publish.

5