**Affirmed and Opinion Filed May 24, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00592-CR**

**RICKY ALLEN DYISE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1654228-M**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Goldstein
Opinion by Justice Molberg

Appellant Ricky Dyise was placed on probation after being found guilty of retaliation.[1] The State subsequently moved to revoke his probation, and the trial court found appellant violated two conditions of probation and revoked appellant's probation. On appeal, appellant asserts the evidence is insufficient to support revocation, arguing (1) the conditions of probation at issue were not reasonably related to his reform or to the crime of retaliation and (2) he was not required to comply with the conditions while his prior appeal was pending. We will affirm.

---

[1] TEX. PEN. CODE § 36.06(c).

## I.    Background

On October 24, 2016, a jury found appellant guilty of committing retaliation against a police officer who had arrested him, and the trial court sentenced appellant to ten years' confinement, suspended for six years' community supervision. Appellant appealed to this Court, filing his notice of appeal on November 18, 2016. We affirmed,[2] and our mandate issued May 22, 2018, after appellant's petition for discretionary review was refused. Appellant attempted to make another appeal in this case, filing a second notice of appeal on July 24, 2018; we dismissed the appeal for want of jurisdiction,[3] and our mandate issued on November 15, 2018.

The State filed a motion to revoke appellant's probation on November 18, 2018, alleging that appellant failed to pay probation fees (condition (j)), did not pay a required Crime Stoppers fee (condition (k)), failed to complete community service hours (condition (l)), did not pay urinalysis fees (condition (n)), failed to participate in Safe Neighborhood Training session (condition (q)), failed to participate in an anger management program (condition (s)), failed to participate in the substance abuse treatment track program at an intermediate sanction facility for no less than ninety days (condition (v)), and failed to participate in the cognitive intervention

---

[2] *Dyise v. State*, No. 05-16-01408-CR, 2017 WL 6164574 (Tex. App.—Dallas Dec. 8, 2017, pet. ref'd) (mem. op., not designated for publication).

[3] *Dyise v. State*, No. 05-18-00842-CR, 2018 WL 4203641 (Tex. App.—Dallas Sept. 4, 2018, no pet.) (mem. op., not designated for publication).

track program at an intermediate sanction facility for no less than ninety days (condition (w)).

The trial court conducted a hearing on May 5, 2020, on the State's motion, where Teresa Howard from the probation department testified. Howard stated appellant had not paid his supervision fees, urinalysis fees, or the Crime Stoppers fee, and he had not completed community service hours, safe neighborhood training, an anger management program, substance abuse treatment, or cognitive intervention program. Regarding the latter two, Howard testified appellant was "unsuccessfully discharged" after he refused to participate.

Appellant testified and admitted he did not participate in the cognitive and the drug intervention programs. He did not participate because he did not "feel like [he] need[ed] cognitive or drug intervention." Regarding his awareness of his probation conditions at the time they were imposed, appellant testified as follows:

Q. Back at your trial, you understand that the Judge placed certain conditions of probation on you, right?

A. Ah, yes, sir.

Q. And there is a document that had those conditions in the judgment and you signed it at that time; do you recall that?

A. I believe I did sign at that time, the first time, I did sign, yes, sir.

Q. So you would have been aware that the Judge had placed those conditions on you, right?

A. Yes, sir.

Q.  Now, here is the thing, you are disagreeing with the fact that you didn't think that you needed those conditions, right?

A.  Yes, sir, I disagreed with the Judge.

Q.  But you understand that it is the Judge who put those conditions on you, that you had to do this to complete probation; you understand that?

A.  I understand that part.

After hearing argument, the trial court found "allegations V and W"—failure to complete substance abuse treatment and cognitive intervention program in the intermediate sanction facility—to be true and found the other allegations not true "based on the fact that the defendant was indigent and/or incarcerated during those times" "and, therefore, unable to comply with those conditions."  This appeal followed.

## II.  Discussion

### a.  Sufficiency

We first conclude sufficient evidence supported the trial court's findings that appellant failed to complete conditions (v) and (w) of probation.  A trial court's order revoking probation is reviewed for an abuse of discretion.  *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).  "In determining questions regarding sufficiency of the evidence in probation revocation cases, the burden of proof is by a preponderance of the evidence."  *Id*.  Thus, to support an order revoking probation, the "greater weight of the credible evidence" must "create a reasonable belief that the defendant has violated a condition of his probation."  *Id*. at 763–64.  The trial

judge is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013).

As described above, probation officer Howard testified that appellant refused to participate in the substance abuse treatment and the cognitive intervention programs and was unsuccessfully discharged from them. Appellant confirmed this with his testimony. Consequently, sufficient evidence supported the trial court's finding that appellant violated conditions (v) and (w) of his community supervision.

### b. Reasonableness of conditions

Despite the above-described evidence, appellant argues that, because his offense did not involve the use of drugs and no evidence was offered by the State that he needed cognitive treatment, "these two conditions were invalid in that they were not related to the charged offense or to appellant's conduct that was shown to be criminal by its nature." The State responds that the "reasonableness of appellant's probation conditions is irrelevant to whether [he] violated his probation." Relatedly, the State points out, appellant should have raised this issue when he was first placed on probation. We agree with the State.

Probation is a "contractual privilege," and conditions of probation not objected to "are affirmatively accepted as terms of the contract" between the trial court and the defendant. *Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999). "Because the placement of a defendant on community supervision occurs in the form of a contract between the trial court and a defendant, a defendant who is fairly

notified of the conditions of community supervision at a hearing at which he has an opportunity to object forfeits any later complaint about those conditions, as long as those conditions do not involve a systemic right or prohibition." *Dansby v. State*, 448 S.W.3d 441, 447 (Tex. Crim. App. 2014). Moreover, a defendant placed on probation may raise issues relating to the conviction only in appeals taken when the probation is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999); *see also Wiley v. State*, 410 S.W.3d 313, 319 (Tex. Crim. App. 2013) (describing the holding of *Manuel* as "an appellant will not be permitted to raise on appeal from the revocation of his community supervision any claim that he could have brought on an appeal from the original imposition of that community supervision").

The proper time to raise this issue relating to the reasonableness of certain conditions of probation was in the trial court when the conditions were first imposed. Appellant then could have raised this issue on appeal from his conviction if the trial court rejected his complaint. Appellant testified at the revocation hearing that, at the time he was found guilty, appellant was aware of the conditions the trial court placed on his community supervision. *See Dansby*, 448 S.W.3d at 447. In appellant's first appeal to this Court, he did not challenge those conditions. *See Dyise*, No. 05-16-01408-CR, 2017 WL 6164574. Because the appeal before us now is not from the imposition of community supervision but from its revocation, the reasonableness of

–6–

appellant's probation conditions is not properly before us. *See Manuel*, 994 S.W.2d at 661; *Wiley*, 410 S.W.3d at 319.

### c. Compliance during appeal

Appellant also argues the State failed to produce evidence showing appellant's case was not on appeal when he allegedly violated his conditions of probation. The State argues there was no effective appeal pending at the time appellant violated his probation conditions. A judgment of conviction is not final while the conviction is on appeal. *Milburn v. State*, 201 S.W.3d 749, 752 (Tex. Crim. App. 2006). Further, "[w]here an appeal is taken, the terms of probation do not commence until the mandate of [the appellate] court is issued." *Delorme v. State*, 488 S.W.2d 808, 810 (Tex. Crim. App. 1973). But "the filing of an ineffective notice of appeal is treated differently." *Lundgren v. State*, 434 S.W.3d 594, 598 (Tex. Crim. App. 2014). A notice of appeal that fails to initiate the appellate process does not toll the commencement of community supervision. *Id*. at 599.

Appellant filed his notice of appeal in his first appeal to this Court on November 18, 2016. We affirmed on December 8, 2017, and appellant sought review in the court of criminal appeals; that court refused appellant's petition. Our mandate subsequently issued May 22, 2018. The trial court then noted in a June 18, 2018 docket entry that this Court's mandate had issued and that appellant's probated sentence was to commence. The trial court specifically noted that appellant was to complete "ISF/both tracks cognitive + substance." The entry also stated, "remanded

to custody," and "release only to ISF." Considering the record as a whole, it is clear the trial court was aware appellant refused to participate in the two programs at issue sometime after the mandate issued. Moreover, evidence presented at the hearing supported such a timeframe. The State questioned appellant if he "recall[ed] that there was a team meeting on October 11, 2018, to discuss whether or not [he was] going to be able to remain in ISF?" Appellant responded, "Ah, maybe, I think there was a team meeting, yeah, that happened in ISF." Thus, the trial court could have reasonably inferred appellant was in the intermediate sanction facility in the summer and fall of 2018—after this Court's May 18, 2018 mandate—and then refused to participate in the required programs.

Furthermore, appellant's subsequent attempt to appeal to this Court did not "suspend" appellant's term of probation and its conditions. Regarding that attempt, this Court concluded it lacked jurisdiction:

> The Court now has before it appellant's July 24, 2018 "Notice of Appeal." Appellant does not reference any new appealable order but asks to appeal his 2016 conviction.
>
> An appellate court has jurisdiction to determine an appeal only if the appeal is authorized by law. When the appellate court's jurisdiction is not legally invoked, the court's power to act is as absent as if it did not exist. Appellate courts may consider criminal appeals only after final conviction or the entry of a narrow set of appealable interlocutory orders.
>
> Here, appellant seeks to appeal his original 2016 conviction. Because we have already considered his direct appeal and there are no new appealable orders, we conclude we lack jurisdiction over this appeal.

*Dyise*, 2018 WL 4203641, at *1 (citations omitted). Accordingly, we conclude appellant's July 24, 2018 notice of appeal failed to initiate the appellate process and thus did not suspend appellant's community supervision. *Cf. Lundgren*, 434 S.W.3d at 599 (notice of appeal filed after appellate waiver failed to initiate the appellate process, and as a result, appellant's probation should have begun on date of sentencing).

### III.    Conclusion

We conclude the trial court did not abuse its discretion by revoking appellant's community supervision because sufficient evidence supported the trial court's finding that appellant violated two conditions of probation, the reasonableness of which is not properly before us. The trial court's judgment is affirmed.


/Ken Molberg/

200592f.u05                          KEN MOLBERG
DO NOT PUBLISH               JUSTICE
Tex. R. App. P. 47



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RICKY ALLEN DYISE, Appellant

No. 05-20-00592-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1654228-M.
Opinion delivered by Justice Molberg. Justices Nowell and Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 24th day of May, 2022.