

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-13-00292-CR

Armando **SIMON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR2132
Honorable Melisa Skinner, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Marialyn Barnard, Justice
Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  July 30, 2014

REVERSED AND REMANDED

Armando Simon appeals the revocation of his community supervision.  Simon contends that because the appeal of the underlying conviction was pending, the trial court lacked jurisdiction to modify the conditions of his community supervision prior to receipt of the mandate, and therefore abused its discretion in revoking his community supervision.  We reverse the judgment revoking Simon's community supervision and remand the case to the trial court for further proceedings.

**BACKGROUND**

On October 19, 2011, Simon was convicted of felony failure to register as a sex offender. The trial court sentenced Simon to two years confinement but suspended execution of the sentence and placed Simon on community supervision for a period of ten years. Simon timely filed a notice of appeal on October 24, 2011. On October 17, 2012, this court affirmed Simon's conviction. *See Simon v. State*, No. 04-11-00783-CR, 2012 WL 4900916 (Tex. App.—San Antonio Oct. 17, 2012, pet. ref'd) (mem. op., not designated for publication). Simon then filed a petition for discretionary review, which was refused on February 6, 2013. This court issued its mandate on March 19, 2013, and the trial court clerk acknowledged receipt of the mandate on March 22, 2013. *See* TEX. R. APP. P. 18.1, 51.2(a).

On March 11, 2013, the trial court amended the conditions of Simon's community supervision to add Condition No. 15(B)—a requirement that Simon attend sex offender counseling. On March 21, 2013 and March 28, 2013, Simon failed to attend the scheduled sex offender counseling sessions and was suspended from the counseling program. On April 3, 2013, the State filed a motion to revoke Simon's community supervision based solely on his failure to comply with Condition No. 15(B). On April 23, 2013, the trial court held a hearing on the State's motion to revoke. Simon entered a plea of "true" to violating Condition No. 15(B). Based on Simon's plea, the trial court found that Simon violated Condition No. 15(B) of his community supervision as alleged in the State's motion, revoked Simon's community supervision, and sentenced him to two years' imprisonment.

Simon timely appealed the revocation. On appeal, Simon argues that the trial court erred in revoking his community supervision because the trial court lacked jurisdiction to modify the conditions of his community supervision after his appeal was filed but before the mandate was received by the trial court.

## STANDARD OF REVIEW

Generally, the only question presented in an appeal from an order revoking community supervision is whether the trial court abused its discretion in revoking community supervision. *Bryant v. State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012). Community supervision may be revoked upon a finding that an appellant has violated the terms of his or her community supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Hays v. State*, 933 S.W.2d 659, 661 (Tex. App.—San Antonio 1996, no pet.). However, when the record raises an issue that touches on subject matter jurisdiction, the court must first resolve that matter before moving on to any substantive issues raised by the parties. *See State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996) overruled on other grounds, *State v. Medrano*, 67 S.W. 3d 892, 903 (Tex. Crim. App. 2002); *Kelson v. State*, 167 S.W.3d 587, 593 (Tex. App.—Beaumont 2005, no pet.). Jurisdiction may be raised for the first time on appeal. *See Saldano v. State*, 70 S.W.3d 873, 887-88 (Tex. Crim. App. 2002).

## DISCUSSION

Simon contends that the trial court lacked jurisdiction to modify the conditions of his community supervision prior to the trial court's receipt of the mandate affirming his conviction, and therefore abused its discretion in revoking his community supervision on the basis that he violated the modified condition.[1] The State responds that pursuant to section 11(a) of article 42.12, the trial court was free to modify the conditions of community supervision at any time before the expiration of the probationary period. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(a) (West Supp. 2013). The State, however, fails to recognize that the statute requires the trial court to have

---

[1] Simon does not lodge a complaint regarding the requirement that he register as a sex offender. *See* TEX. CODE CRIM. PROC. art. 62.002(b)(1) (West 2006) (the duties imposed on a person required to register [as a sex offender] are not affected by an appeal of the conviction or adjudication).

jurisdiction before it can modify the conditions of community supervision. *See id.* ("The judge of the court *having jurisdiction of the case* shall determine the conditions of community supervision and may, at any time during the period of community supervision, alter or modify the conditions.") (emphasis added). Ordinarily, the probationary period begins on the date the terms of community supervision are imposed. *See Whitson v. State*, 429 S.W.3d 632, 637-38 (Tex. Crim. App. 2014); *Nesbit v. State*, 227 S.W.3d 64, 68 (Tex. Crim. App. 2007). However, this is not the case when a defendant files a timely and effective notice of appeal. When an appeal is taken from a criminal conviction assessing a probated sentence, the terms of community supervision do not commence until the appellate court's mandate, effecting final disposition of the appeal, is issued. *See Surety Corp. of Am. v. State*, 550 S.W.2d 689, 690 (Tex. Crim. App. 1977); *Delorme v. State*, 488 S.W.2d 808, 810 (Tex. Crim. App. 1973); *Humphries v. State*, 261 S.W.3d 144, 145-46 (Tex. App.—San Antonio 2008, no pet.). Rule 25.2(g) further provides that "[o]nce the record has been filed in the appellate court, all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court *receives* the appellate mandate." TEX. R. APP. P. 25.2(g) (emphasis added).

The Court of Criminal Appeals has repeatedly held that a judgment of conviction is not final while the conviction is on appeal. *Lundgren v. State*, PD-1322-13, 2014 WL 2865806 at *4 (Tex. Crim. App. June 25, 2014); *Milburn v. State*, 201 S.W.3d 749, 752 (Tex. Crim. App. 2006). This is because of the possibility that the trial court's judgment "could be retroactively vitiated by the mere filing of a . . . notice of appeal." *Milburn*, 201 S.W.3d at 753-54. Thus, if a defendant files a timely and effective notice of appeal, that filing stays the commencement of the community-supervision term imposed until appellate mandate has issued affirming the judgment of

conviction.[2] *Lundgren*, 2014 WL 2865806, at \*4; *Delorme*, 488 S.W.2d at 810; *McConathy v. State*, 544 S.W.2d 666, 668 (Tex. Crim. App. 1976) (applying the same nonfinality rule to motions for new trial).

Here, given that the judgment was not final at the time the trial court modified the conditions of Simon's community supervision and therefore the community-supervision term had not yet commenced, we hold that the trial court lacked jurisdiction to modify Condition No. 15 to add a requirement that Simon attend sex offender counseling. *See* Tex. R. App. P. 25.2(g). Even though the trial court did not revoke Simon's community supervision until after the trial court's receipt of the mandate, the revocation was based on the single allegation that Simon violated Condition No. 15(B)—the very condition that was modified during the time that the trial court lacked subject matter jurisdiction. Because the trial court lacked the authority to modify the conditions of probation, Condition No. 15(B) is void. *See Gonzales v. State*, 353 S.W.3d 826, 830 n.4 (Tex. Crim. App. 2011) (order is void when court that entered it lacked jurisdiction of the subject matter or of the parties, lacked jurisdiction to enter the order, or lacked capacity to act as a court). Accordingly, we likewise hold that the trial court abused its discretion in revoking Simon's community supervision on this ground.[3] *See Hernandez v. State*, 613 S.W.2d 287, 290 (Tex. Crim. App. [panel op.] 1981) (op. on reh'g); *Gutierrez v. State*, 354 S.W.3d 1, 7 (Tex. App.—Texarkana 2011), *aff'd,* 380 S.W.3d 167 (Tex. Crim. App. 2012) (revocation premised solely on violation of a void condition cannot stand). We therefore sustain Simon's sole issue on appeal.

---

[2] Conversely, if the appellate court reverses the judgment of conviction for which appellant was placed on community supervision, the conviction would be vitiated. *Lundgren*, 2014 WL 2865806, at \*4 n.5 (citing *Milburn*, 201 S.W.3d at 753-54).

[3] Because the trial court retains authority over the conditions and amount of the bail, the safety of the public is adequately protected. *See* Tex. Code Crim. Proc. Ann. art. 17.15 (West 2005); *id.* art. 44.04(c), (d) (West 2006); *Surety Corp. of Am.*, 550 S.W.2d at 690-91; *Humphries*, 261 S.W.3d at146.

## CONCLUSION

We reverse the trial court's judgment revoking Simon's community supervision and remand the case to the trial court with instructions to dismiss the State's motion to revoke. We additionally instruct the trial court to reinstate the original conditions of community supervision signed on October 24, 2011.

Rebeca C. Martinez, Justice

Publish