ACCEPTED
01-13-01027-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/20/2015 4:26:54 PM
CHRISTOPHER PRINI
CLERK

## CAUSE NO. 01-13-01027-CR

IN THE FIRST COURT OF APPEALS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
1/20/2015 4:26:54 PM
CHRISTOPHER A. PRINE
Clerk

RODNEY EUGENE MILUM, APPELLANT

VS.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 184th Criminal District Court

of Harris County, Texas, Cause No.  1347034

Honorable Jan Krocker, Judge Presiding

BRIEF FOR APPELLANT, RODNEY EUGENE MILUM,

AN ANALYSIS OF THE APPELLATE RECORD IN ACCORDANCE WITH

*ANDERS V. CALIFORNIA*, 386 U.S.738 (1967).

Deborah Summers
11210 Steeplecrest, Ste 120
Houston, Texas 77065
State Bar No. 19505600
(281) 897-9600
summerspc@sbcglobal.net
Counsel for Appellant

ORAL ARGUMENT WAIVED

**CAUSE NO. 01-13-01027-CR**

IN THE FIRST COURT OF APPEALS

RODNEY EUGENE MILUM, APPELLANT

VS.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 184th Criminal District Court

of Harris County, Texas, Cause No. 1347034

Honorable Jan Krocker, Judge Presiding

**CERTIFICATE OF COUNSEL**

The undersigned counsel states that she has diligently reviewed the entire appellate record in this case and certifies to this Court that in compliance with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 515 S.W.2d 684 (Tex. Crim. App. 1974); and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969) that this appeal is without merit. A review of the record reflects no reversible error and no grounds on which an appeal can be predicated. Counsel for Appellant has filed a motion to withdraw from representation. See appellate exhibit "A".

i

The undersigned has served a copy of this analysis on Appellant. Counsel has further informed Appellant by letter that it is this attorney's opinion that the appeal is wholly without merit and that he has the right to view the appellate record and to file *pro se* an appellate brief should he so desire. Appellant has been informed that he has the right to request that the Court make the record available to him and to grant him an extension of time for the filing of a *pro se* brief. See appellate exhibit "B". Further, Counsel has provided Appellant with a Motion to request the record and for an extension of time. See appellate exhibit "C".

/s/ Deborah Summers

Deborah Summers
State Bar No. 19505600
11210 Steeplecrest, Suite 120
Houston, Texas 77065
(281) 897-9600
summerspc@sbcglobal.net

ATTORNEY FOR APPELLANT

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 38.1(a), the following are parties or counsel to the judgment appealed from:

Presiding Judge:                 The Honorable Jan Krocker
184th Criminal District Court
1201 Franklin
Houston, Texas 77002

Appellant:                      Rodney Eugene Milum
19527 Remington Martin Drive
Houston, Texas 77073

Attorneys for State:         Mr. Brandon Leonard (at trial)
Harris County District Attorney's Office
1201 Franklin
Houston, Texas 77002

Mr. Alan Curry(on appeal)
Harris County District Attorney's Office
1201 Franklin
Houston, Texas 77002

Attorneys for Appellant:  Mr. James Dennis Smith (at trial)
4615 Southwest Freeway, # 520
Houston,   Texas 77067

Ms. Deborah Summers (on appeal)
11210 Steeplecrest, Suite 120
Houston, Texas 77065

# TABLE OF CONTENTS

IDENTITY OF PARTIES                                              i

TABLE OF CONTENTS                                               ii

INDEX OF AUTHORITIES                                          iii

STATEMENT OF THE CASE                                         ix

STATEMENT REGARDING REFERENCES TO THE RECORD        x

ISSUE PRESENTED                                               x

**THIS APPEAL PRESENTS NO ISSUES
FOR REVIEW WITH MERIT.**
*Anders v. California*, **386 U.S. 738 (1967)**

STATEMENT OF FACTS                                            1
ANALYSIS                                                      2
    A. Indictment                                      2
    B. Voir Dire                                       3
    C. Pre-trial Motions                               3
    D. Trial Guilt/Innocence                           3
      1. Sufficiency of Evidence                 3
      2. Jury Charge                             4
    E. Punishment                                      5
      1. Punishment Evidence                     5
      2. Jury Charge                             6
      3. Is Sentence Cruel and Unusual?           6
      4. Conditions of Community Supervision      7
      5. DNA Court Costs                         11
    F. Ineffective Assistance of Counsel              11
      1. Trial Counsel                          13
      2. Appellate Counsel                      16

PRAYER FOR RELIEF AND CERTIFICATE OF SERVICE         17

CERTIFICATE OF COMPLIANCE                                     18

# INDEX OF AUTHORITIES

CASES                                                          P A G E

*Almanza v. State*, 686 S.W.2d 157
(Tex. Crim. App. 1985)                                              6

*Anders v. California*,                                        i,iv, x,
386 U.S. 738 (1967)                                            16,17

*Barton v. State*, 21 S.W.3d 287
(Tex. Crim. App. 2000)                                             8

*Benjamin v. State*, 874 S.W.2d 132
(Tex. App.-Hous.[14th Dist.] 1994 no pet.)                         6

*Benson v. State*, 661 S.W.2d 708
(Tex. Crim. App. 1982)                                             5

*Brooks v. State*, 323 S.W.3d 893
(Tex. Crim. App. 2010)                                             4

*Calcote v. State,* 931 S.W.2d 668
(Tex.App.-Hous.[1st Dist.] 1996, no pet.)                          7

*Carmona v. State*, 941 S.W.2d 949
(Tex. Crim. App. 1997)                                             3

*Coit v. State*, 629 S.W.2d 263
(Tex. App.-Dallas 1982, pet. ref'd)                                4

*Currie v. State*, 515 S.W.2d 684
(Tex. Crim. App. 1974)                                             i

*Ex Parte Flores*, 387 S.W.3d 626
(Tex. Crim. App. 2012).                                           16

| CASES | PAGE |
|---|---|

*Gainous v. State*, 436 S.W.2d 137
(Tex. Crim. App. 1969)                                             i

*Goodspeed v. State*, 187 S.W.3d 390
(Tex. Crim. App. 2005)                                            13

*Gutierrez-Rodriguez v. State*, 444 S.W.3d 21
Tex. Crim. App. 2014)                                             14

*Guzman v. State*, 923 S.W.2d 792
(Tex. App.-Corpus Christi 1996, no pet.)                          12

*Hernandez v. State*, 726 S.W.2d 55                            12,13
(Tex. Crim. App. 1986)                                            14

*Jackson v. Virginia*, 43 U.S. 307 (1979)                         4

*Jackson v. State*, 877 S.W.2d 768
(Tex.Crim.App. 1992)                                             12

*Jackson v. State*, 973 S.W.2d 954
(Tex.Crim.App. 1998)                                             15

*Jagaroo v. State,* 180 S.W.3d 793
(Tex.App.-Hous.[14th Dist.] 2005, pet. ref'd.)                    13

*Lanum v. State*, 952 S.W.2d 36
(Tex. App.-San Antonio 1997, no pet.)                            12

*McArthur v. State*, 1 S.W.3d 323
(Tex.App.-Fort Worth 1999, pet. ref'd.)                          8,10

*Mitchell v. State*, 420 S.W.3d 448
(Tex.App.-Houston[14th Dist.], 2014, n. p. h.)                  7,9,10

CASES                                                                    PAGE


*Peraza v. State*, No. 01-12-00690-CR, 2014
LEXIS 13915, WL 7476214
(Tex.App.-Houston [1ˢᵗ Dist.] December 30, 2014, no pet. h).          11


*Rodriguez v. State,* 799 S.W.2d 301
(Tex. Crim. App. 1990)                                                  2


*Roper v. State*, 917 S.W.2d 128
 (Tex.App.- Fort Worth 1996, pet. ref'd)                                4


*Simon v. State*, 442 S.W.3d 581
(Tex. App.-San Antonio, 2014 pet. ref'd)                               11


*Speth v. State,* 6 S.W.3d 530
(Tex. Crim. App. 1999)                                                 11


*Stafford v. State,* 813 S.W.2d 503
(Tex. Crim. App. 1991)                                                  i


*Strickland v. Washington*,                                          11,12
466 U.S. 668 (1984)                                                  13,14


*Thompson v. State*, 9 S.W.3d 808
(Tex.Crim.App. 1999)                                                12,15


*Villalon v. State,* 791 S.W.2d 130
(Tex. Crim. App. 1990)                                                  4


*Ybarra v. State*, 3 S.W.3d 99
(Tex. App.-San Antonio 1994, pet. ref'd)                               12

CONSTITUTIONS                                                PAGE

U.S. CONST. amend. VI                                        11

U.S. Const. amend. VIII                                      6

Tex. Const. art. I, § 10                                     11

Tex. Const. art. I, § 13                                     6


STATUTES                                                     PAGE

Tex. Crim. Proc. Code Ann. § 1.051
(Vernon Supp. 2013)                                          11

Tex. Crim. Proc. Code Ann. § 1.14(b)
(Vernon Supp. 2013)                                          2

Tex. Crim. Proc. Code Ann. § 37.07, sec 3                    5-6
(Vernon Supp. 2013)

Tex. Crim. Proc. Code Ann. Art.  42.12 § 4
(Vernon Supp. 2013)                                          x,5,6

Tex. Crim. Proc. Code Ann. Art. 42.12 § 9A
(Vernon Supp. 2013)                                          7

Tex. Crim. Proc. Code Ann. Art. 42.12 §  11
(Vernon Supp. 2013)                                          7, 8,9

Tex. Crim. Proc. Code Ann. Art. 42.12 §  12
(Vernon Supp. 2013)                                          7

Tex. Crim. Proc. Code Ann. Art. 42.12 §  13B
(Vernon Supp. 2013)                                          7,8,9

STATUTES                                                                                    PAGE

Tex. Crim. Proc. Code Ann. Art. 42.12 § 13G
(Vernon Supp. 2013)                                                          7,8,9

Tex. Crim. Proc. Code Ann. Art. 42.12 § 13G( c)(1)
(Vernon Supp. 2013)                                                          10

Tex. Penal Code Ann. § 12.33
(Vernon Supp. 2013)                                                          x,5,6

Tex. Penal Code Ann. § 22.011(a)(2)(A)
(Vernon Supp. 2013)                                                          x,2,5


RULES                                                                                       PAGE

Tex. R. App. P. 9.4                                                               18

Tex. R. App. P. 33.1(a)                                                        3

Tex. R. App. P. 38.1(a)                                                        iii

EXHIBITS ATTACHED

MOTION TO WITHDRAW - APPELLATE EXHIBIT A

LETTER TO CLIENT - APPELLATE EXHIBIT B

MOTION FOR EXTENSION OF TIME   - APPELLATE EXHIBIT C

## STATEMENT OF THE CASE

The Appellant was charged by indictment with the offense of Sexual Assault of a Child under the age of 17 (CR at 8). Tex. Penal Code Ann. § 22.011(a)(2)(A) (Vernon Supp. 2013).

A jury was impaneled on October 14, 2013 (RR2 at 209). The Appellant was convicted, by the jury, on October 17, 2013 (RR5 at 28; RR7 at 4).

The Appellant elected to have the jury assess punishment in the event of a guilty verdict (CR at 122). The Appellant faced a range of punishment of 2 -20 years in the Texas Department of Criminal Justice Institutional Division (TDCJ) and a possible fine up to 10,000. Tex. Penal Code Ann. § 12.33 (Vernon Supp. 2013). He was also eligible for community supervision. Tex. Crim. Pro. Code Ann art. 42.12 § 4 (Vernon Supp. 2013).

After, hearing additional evidence and the arguments of counsel, the jury sentenced the Appellant to 2 years in TDCJ and recommended that the sentence be probated (RR6 at 21-25; RR7 at 4).

Appellant filed a timely, written Notice of Appeal on October 30, 2013 (CR at 181).

Appellate counsel, Melissa Martin was appointed on appeal (CR at 183). Ms. Martin filed an appellate brief concluding that the appeal was without merit. *Anders v. California* 386 U.S. 738 (1967). The Appellant then filed a *pro se* brief on October 1, 2014

alleging trial and appellate counsel were ineffective.

This Court abated this appeal and ordered the appointment of new counsel to review the record and address all arguable non frivolous grounds. Deborah Summers was appointed on November 21, 2014.

The trial court held a hearing on December 1, 2014 to address this Court's concerns (Supp. RR2).

## STATEMENT REGARDING REFERENCES TO THE RECORD

The clerk's record in this case will be cited as "CR".  The reporter's record for the trial consists of eight volumes and will cited as "RR1, RR2 etc...".  Exhibits will be cited as "State's Exhibit 1, 2 etc..."  The supplemental reporter's record and clerk's filed after the abatement of the appeal will be cited as, "Supp. RR1" and "Supp. CR" etc....

## ISSUE PRESENTED

This appeal presents no issues with merit for review.  In accordance with *Anders v. California*, 386 U.S. 738 (1967), a review of the appellate record follows.

# STATEMENT OF FACTS

The complainant testified that she and the Appellant were dating    and that eventually this relationship led to sexual intercourse.  The Appellant testified that she was 14 years old at the time of the sexual intercourse and that the Appellant was 19 years old.  She testified the sexual intercourse was consensual (RR3 at 19-40).

Sgt. Colburn testified that he interviewed the complainant.  As part of his investigation, he recovered a carpet sample (from the complainant's bedroom)  that the complainant claimed the Appellant had ejaculated on.  He also interviewed the Appellant.  The Appellant denied the relationship and denied that he had ever been in the complainant's bedroom (RR3 at 78-108).

Jennifer Clay, an DNA analyst testified that the semen sample recovered from the complainant's bedroom contained the Appellant's DNA (RR4 at 162, 184).

## ANALYSIS OF THE APPELLATE RECORD

### A. The Indictment

The Appellant was charged by indictment with the offense of Sexual Assault of a Child under the age of 17 (CR at 8 ). Tex. Penal Code Ann. § 22.011(a)(2)(A) (Vernon Supp. 2013). The indictment complies with all the requirement of charging the above offense. Tex. Penal Code Ann. § 22.011(a)(2)(A) (Vernon Supp. 2013).

No motion to quash the indictment was filed or requested. Any claim of a defect or want of sufficient notice has been waived by the failure to file a motion to quash the indictment. *Rodriguez v. State*, 799 S.W.2d 301 (Tex. Crim. App. 1990); Tex. Crim. Proc. Code Ann.§ 1.14(b) (Vernon Supp. 2013).

### B. Voir Dire

The *voir dire* examination was recorded and trial counsel conducted a thorough *voir dire* (RR2 at 189-197). Thereafter, several veniremembers were excused by agreement (RR2 at 161-163, 186, 200, 202, 206).

Several venire members were individually questioned and then challenged by the State and trial counsel for the Appellant (RR2 at 172, 173, 176, 181, 185, 194). The trial court denied one challenge for cause by the defense and granted one challenge for cause (RR2 at 181, 194). The trial court granted seven challenges for cause by the State (RR2 at 172, 173, 176, 185, 191, 198).

Thereafter, no objection was made to the jury as seated (RR2 at 209).

## C. Pre-trial Motions

Several pre-trial motions were filed by the trial attorney (CR at 60, 67, 121, 122). There was a discussion regarding the video statement of the Appellant and whether a motion to suppress would be addressed and trial counsel stated that there was no legal basis for a motion to suppress (RR2 at 214). Trial counsel effectively argued against a motion in limine filed by the State (RR2 at 6-8).

No objection was made at the trial that additional motions or evidence was needed before proceeding to trial. Without a specific and timely objection, no error is preserved for appellate review. *Carmona v. State,* 941 S.W.2d 949, 957 (Tex. Crim. App. 1997); Tex. R. App. P. 33.1(a).

## D. Trial - Guilt/Innocence

### 1. Sufficiency of Evidence

The State presented all the elements required for conviction on the indictment (CR at 8; RR3 at 19-22, 24, 33, 40, 47-48, 56, 91, 102-103, 106, 108; RR4 at 162, 184) .

Medical records detailed the physical exam and the responses of the Complainant regarding her description of the sexual encounter (State's Exhibit # 21; RR8 at 40). In the records, the Complainant told the nurse that the Appellant, "his penis, he kinda forced it in my vagina" (id.).

The evidence, presented by the State, was sufficient to convict the Appellant.

3

"When determining sufficiency of evidence, we are to consider all of the evidence admitted before the jury at the guilt/innocence phase of trial." *Roper v. State*, 917 S.W.2d 128, 130 (Tex. App. - Fort Worth 1996, pet. ref'd) *citing Villalon v. State*, 791 S.W.2d 130, 133 (Tex. Crim. App. 1990).

DNA placed not just the Appellant at the scene, but his semen, which was consistent with the testimony of the complainant (RR3 at 40-41, 80, 91, 103, RR4 at 162, 184). She testified he ejaculated onto the carpet (RR3 at 40-41).

The jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Brooks v. State*, 323 S.W.3d 893, 901-902 (Tex. Crim. App 2010) .

When reviewing a challenge to the sufficiency of the evidence, the standard is: "Considering all of the evidence in the light most favorable to the verdict, is a jury rationally justified in finding guilt beyond a reasonable doubt". *Brooks v. State*, 323 S.W.3d 893 at 902 *citing Jackson v. Virginia*, 43 U.S. 307, 319 (1979). Clearly, the State's evidence, viewed in the "light most favorable to the verdict" was sufficient for any rational trier of fact to convict the Appellant.

### 2. The Charge on Guilt/Innocence

No requests or objections were made to the charge (RR at 5). A defendant who fails to object to a jury charge or to request a definition, waives all but fundamental error. *Coit v. State,* 629 S.W.2d 263 (Tex. App.- Dallas 1982, pet. ref'd).

4

A review of the charge submitted and argued to the jury reflects no fundamental error and further reflects a proper charge (CR at 137). The jury must be informed of the individual elements that constitute the offense for which a defendant is being tried and the jury must be provided with the statutory definitions for any term that is statutorily defined. *Benson v. State,* 661 S.W.2d 708 (Tex. Crim. App. 1982) *cert. denied* 467 U.S. 1219 (1983). The court's charge complied with this rule.

The charge in this case provided the jury with all the elements, definitions and law applicable to this offense.

## E. Trial - Punishment

The Appellant elected to go the jury for punishment in the event he was convicted (CR1 at 109; CR2 at 109). The Appellant had no prior felony convictions and had never before been placed on adult probation (CR at 121, 122). Therefore, he was eligible for community supervision. Tex. Crim. Code Ann. Art. 42.12 § 4 (Vernon Supp. 2013). He faced a range of punishment from 2 years to 20 years in the TDCJ and a 10,000 dollar fine if he were convicted of Sexual Assault of a Child. Tex. Penal Code Ann. §§ 12.33, 22.011 (Vernon Supp. 2013).

### 1. Punishment evidence

The Appellant's parents testified that he was eligible for community supervision and that he would be a good candidate for probation (RR6 at 8-21). Neither the State nor the Appellant offered any additional evidence. Tex. Crim. Proc.

Code Ann. § 37.07, sec. 3 (Vernon Supp. 2013).

In closing argument, the State agreed that community supervision would be appropriate for the Appellant (RR6 at 22-23). Trial counsel for Appellant asked for a sentence of five years and further requested that the jury recommend community supervision (RR6 at 25).

**2. Jury Charge on Punishment**

No requests or objections were made to the charge (RR6 at 7). A defendant who fails to object to a jury charge waives all but fundamental error and will only obtain a reversal if he can show the error was so egregious and created such harm that he was denied a fair and impartial trial. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). A review of the charge submitted the jury reflects no fundamental error and further reflects a proper charge (CR at 149).

**3. Is the Sentence Cruel and Unusual?**

No. Appellant cannot complain that the sentence violates the United States or Texas Constitutions. U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13. When a punishment is assessed within the statutory limits, it is not cruel and unusual within constitutional prohibitions. *Benjamin v. State*, 874 S.W.2d 132, 134 (Tex. App.-Hous.[14th Dist.] 1994 no pet.) *citations omitted.* The Appellant received the minimum sentence he could receive and then that sentence was probated (CR at 159, 164). Tex. Crim. Proc. Code Ann. Art. 42.12 § 4; Tex. Penal Code Ann. § 12.33.

The jury had the discretion to sentence the Appellant to a maximum of twenty years and they did not do so. See, *Calcote v. State,* 931 S.W.2d 668 (Tex. App.-Hous.[1st Dist.] 1996, no pet.) (Defendant eligible for deferred adjudication received two life sentences for Aggravated Sexual Assault of a Child).

Appellant cannot complain that his sentence is cruel and unusual, it is the minimum that the jury could assess.

### 4. Conditions of Community Supervision

After the jury recommended community supervision, the trial court sentenced the Appellant and stated several conditions of community supervision (RR7 at 5-6). Thereafter, the trial court got off the record indicating that the Appellant and the trial court would go over all the conditions of community supervision carefully.

The trial court 'may impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant.' Tex. Crim. Code Ann. Art. 42.12 § 11 (Vernon Supp. 2013). Article 42.12 has a list of basic conditions of community supervision as well as sections which concern cases such as the case at bar. Tex. Crim. Code Ann. Art. 42.12 §§ 9A, 11, 12, 13B, 13G (Vernon Supp. 2013)(standard conditions and then conditions for sexual assault and sexual assault of children).

Absent a clear abuse of discretion, the trial court's judgment on the terms of community supervision must be upheld. *Mitchell v. State*, 420 S.W.3d 448 (Tex.App.-

Hous.[14th Dist.], 2014, no pet.). However, the trial court has no 'discretion' to impose an invalid condition of community supervision. *Id.* citing *Barton v. State*, 21 S.W.3d 287, 289 (Tex. Crim. App. 2000). An invalid condition of community supervision is a condition that: 1) has no relationship to the crime; 2) is conduct that is itself not criminal; and 3) forbids or requires conduct that is not reasonable related to future criminality or, does serve the statutory ends of community supervision. *McArthur v. State*, 1 S.W.3d 323, 332 (Tex.App.-Fort Worth 1999, pet. ref'd.).

When abating this appeal, this Court ordered Counsel to address whether any of the 41 conditions of community supervision were invalid. This Court emphasized two conditions of community supervision, in particular, that it wanted addressed . Abatement Order dated November 20, 2014, page 5[1]. See, *McArthur v. State*, 1 S.W.3d 323 at 332.

Specifically the conditions relating to 'entering a place of worship' and 'internet access'. Abatement Order, page 2. While the trial court did assess a long list of conditions of community supervision, most are from the long list of standard conditions (CR at 164-170). The vast majority of the conditions come verbatim from Tex. Crim. Code Pro. Ann. Art. 42.12 §§ 11, 13B and 13G (CR at 166, paragraphs 1-12; at 167, paragraphs 23-25, 35; page 169, paragraphs 37, 39, 40, 41. The conditions listed in these sections can be said to be reasonably related to the

---

[1]Hereafter Abatement Order

purposes of community supervision. Tex. Crim. Code Ann. Art. 42.12 § § 11, 13B, 13G. See, *Mitchell v. State*, 420 S.W.3d 448 , at 450.

However, there are several conditions of which can be characterized as 'over broad' or 'not related to the offense' (CR at 168, paragraphs 26, 31, 32, 34; 169, paragraph 38).

At the abatement hearing, the trial court addressed some of these concerns (Supp. RR at 6-9). The trial court stated her reasons for paragraphs 26 and 32.

In regards to paragraph 26: which allows the Appellant to enter his place of worship 15 minutes before the service and requires him to leave immediately at the conclusion of the service, the trial court submitted the location was like any other that children gather (Supp. RR at 8). The trial court emphasized that the Appellant could request that he be allowed to attend specific counseling sessions or classes at a church but that he could not just 'hang around' a church (Supp. RR at 8-9). This condition appears reasonably related to the purposes of community supervision. *Mitchell v. State*, 420 S.W.3d 448, at 450.

In regards to paragraph 32: which prohibits access to the Internet, the trial court stated that there are many defendants contacting children through the Internet and it is a provision to protect children (Supp. RR at 9-10). However unlike paragraph 26 above, the issue of Internet access is specifically addressed in Art. 42.12 § 13G. Tex. Crim. Proc. Code Ann. Art. 42.12 § 13G. While the trial court may

prohibit Internet access as outlined in the statute, a blanket prohibition constitutes an invalid condition. *McArthur v. State*, 1 S.W.3d 323, 332 . Appellate courts have held that a condition is invalid if: 1) has no relationship to the crime; 2) is conduct that is itself not criminal; and 3) forbids or requires conduct that is not reasonable related to future criminality or, does not serve the statutory ends of community supervision. *McArthur v. State*, 1 S.W.3d 323, 332. *See also, Mitchell v. State*, 420 S.W.3d 448, at 450. The offense for which the Appellant was tried, did not involved the Internet. Access to the Internet is not criminal in itself. Denial of any access to the Internet is not reasonably related to future criminality and it does not serve the statutory ends of community supervision. Further, denial of *any*[2] access to the Internet could sabotage the Appellant's ability to get and keep a job thereby causing him to violate his community supervision. Section 13G recognizes this when it discusses modifying the conditions of community supervision if the inability to access the Internet places an undue hardship on probationer. Art. 42.12 § 13G( c )(1).

In addition to the problem with paragraph 32, paragraph 34 (don't enter a nightclub) ; and parts of paragraph 31 (no massages), and paragraph 38 (no possession of ammunition) seem unrelated to the offense. *McArthur v. State*, 1 S.W.3d 323, 332 (remedy is to delete improper conditions and reform judgment of trial

---

[2]All emphasis is author's unless otherwise stated.

10

court).

Unless Appellant objects to these conditions once his community supervision begins, he will forfeit his right to complain. See, *Simon v. State*, 442 S.W.3d 581 (Tex. App.-San Antonio, 2014 pet. ref'd) (while case on appeal, trial court has no jurisdiction to modify conditions of community supervision); *Speth v. State*, 6 S.W.3d 530 (Tex.Crim.App. 1999)(probationer must object to conditions at trial level when the court has the discretion to modify the terms).

**5. DNA Court Costs**

As part of his sentence, the Appellant will be required to pay the costs of DNA testing (CR at 176). Recently this Court found this fee to be unconstitutional. *Peraza v. State*, No. 01-12-00690-CR, 2014 LEXIS 13915, WL 7476214 (Tex.App.-Houston [1st Dist.] December 30, 2014, no pet. h). The proper remedy for unsupported fee is to modify the judgment deleting the fee. *Id.*

**F. Ineffective Assistance of Counsel**

The Appellant has the right to effective representation. U.S. CONST. VI; TEX. CONST. Art. I, Sec. 10; Tex. Crim. Proc. Code Ann. § 1.051 (Vernon Supp. 2013).

The standard for effective representation has been defined in *Strickland v. Washington*, 466 U.S. 668 (1984). The *Strickland* test requires a defendant to show that his attorney's representation fell below an objective standard of reasonableness and but for counsel's unprofessional errors, the result of the proceeding would have been

11

different.  *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986) *citing*

*Strickland v. Washington*, 466 U.S. 668 (1984).

A defendant is not entitled to error free representation and any review of an

attorney's performance will be highly deferential.  *Guzman v. State*, 923 S.W.2d 792,

797 (Tex. App.-Corpus Christi 1996, no pet.).  In assessing counsel's performance,

courts will  "not scrutinize isolated acts or omissions" or "trial strategy" nor will the

courts measure the defendant's trial attorney against a standard of perfection.  Rather

the courts look to the "totality of the representation" at the time of trial.  *Lanum v.*

*State*, 952 S.W.2d 36, 40 (Tex. App.-San Antonio 1997, no pet.) *quoting Ybarra v. State*,

890 S.W.2d 98, 112 (Tex. App.-San Antonio 1994, pet. ref'd).  An allegation of

ineffectiveness will only be sustained if the record affirmatively demonstrates

counsel's ineffectiveness.  *Guzman v. State*, 923 S.W.2d at 797.

Where counsel's failures or omissions, if any,  are not apparent until long after the

time for filing a motion for new trial has passed, there is a lack of evidence in the

record as to counsel's reasons for his actions and/or omissions[3].  An appellate court

may not speculate about why counsel acted as he did.  *See Jackson v. State*, 877 S.W.2d

768, 771 (Tex. Crim. App. 1992).  *See, Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim.

---

[3]As Judge Baird pointed out in his footnote to *Jackson,* one may develop a record on a motion for new trial but in most cases time constraints do not provide adequate time for investigation and the trail record will not be transcribed and available for use at a motion for new trial hearing. *Jackson v. State*, 877 S.W.2d at 773, footnote 3.

App. 1999).

"Appellate c*ourts* should not find ineffective assistance of counsel (on direct appeal) unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it'." *Jagaroo v. State*, 180 S.W.3d 793, 797 (Tex.App.-Houston[14th Dist.] 2005, pet. ref'd) *quoting Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005). No such 'outrageous' conduct exists in this record.

### 1. Trial Counsel

### (a) Guilt/Innocence phase

A review of this appellate record demonstrates that the complainant testified that the Appellant had sex with her when she was fourteen years of age and the Appellant was 19 years old and this sexual encounter occurred in her bedroom (RR3 at 19-22, 24, 33-34, 40). The Appellant denied ever being in her room (RR3 at 103-106). DNA (semen) was recovered from the carpet in the complainant's room (RR3 at 91). Jennifer Clay, a DNA analysis, testified that the DNA was a match to the Appellant (RR3 at 162, 184).

If trial counsel committed any error during the guilt/innocence phase of the trial, it would not have changed the outcome of the jury's decision to convict. *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986) *citing Strickland v. Washington*, 466 U.S. 668 (1984). Trial counsel was not ineffective under the *Strickland* standard at trial during the guilt/innocence phase.

13

**(b) Punishment Phase**

The jury sentenced the Appellant to the bare minimum it could and then recommended community supervision (RR7 at 4). Any error committed by the Appellant's trial attorney during the punishment phase of the case had no effect on the best possible outcome for the Appellant at sentencing. *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986) *citing Strickland v. Washington*, 466 U.S. 668 (1984).

**( c) Probation Conditions**

After the jury recommend community supervision, the trial court sentenced the Appellant and stated several conditions of community supervision (RR7 at 5-6). Thereafter the trial court got off the record indicating that the Appellant and the trial court would go over all the conditions of community supervision carefully.

Trial counsel did not speak up during the list of conditions with any possible objections. At no time has the Appellant, through any method, objected to the conditions of community supervision which the trial court will impose upon completion of the appellate process. Without an objection, the Appellant will forfeit the right to complain about potentially invalid conditions of community supervision. *Gutierrez-Rodriguez v. State*, 444 S.W.3d 21, 23 (Tex. Crim. App. 2014). Appellant either with or without counsel must object to conditions of community supervision or he will forfeit the right to complain. The objections must be made to the trial

court.

This record is insufficient to determine whether trial counsel was present during the time the conditions of community supervision were provided to the Appellant or, if he and the Appellant discussed the conditions which may be invalid.

**(d) Plea Offer**

After the Appellant's first appellate counsel filed an *Anders* brief, he filed his own *pro se* brief alleging that he was not informed of all of the factors surrounding a plea offer (RR2 4-6). *Pro Se* Response to *Anders* Brief filed October 1, 2014. Specifically, Appellant complained that, if he had known about the ten year registration requirement as a sex offender as opposed to the life time registration he now faces, he would have taken the plea offer. Id. at 4.

The burden is on the Appellant to prove his trial counsel was ineffective. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). This record contains nothing in order to determine what, if anything, trial counsel and the Appellant discussed regarding the plea offer and the ten year registration requirement. Generally, the record is best developed by an application for a writ of habeas corpus where testimony can be introduced on this issue. See, *Jackson v. State*, 973 S.W.2d 954, 957 (Tex.Crim.App. 1998). This record does not sustain the Appellant's burden. *Thompson v. State*, 9 S.W.3d at 813.

**2. Appellate Counsel**

Appellant further complained in his *pro se* brief that his appellate counsel was ineffective when she failed to address and argue that trial counsel was ineffective. *Pro Se* Response to *Anders* Brief at 5-6.

In order for Appellant to receive relief in the form of a new direct appeal for ineffective assistance of appellate counsel, the applicant must show:

> (1) that appellate counsel's decision not to raise an issue was 'objectively unreasonable'
> and,
> (2) that 'but for' appellate counsel's failure to raise a particular issue, he would have prevailed on appeal.

If appellate counsel failed to raise a claim that would have resulted in the case being reversed, then appellate counsel is ineffective. *Ex Parte Flores*, 387 S.W.3d 626, 638 (Tex. Crim. App. 2012). A review of the record has not revealed a claim that appellate counsel could have raised that would have resulted in a *reversal* of the case. *Anders v. California*, 386 U.S. 738 (1967).

Certainly appellate counsel should have raised the improper conditions of community supervision and the improper DNA fee, but neither of these issues will result in a reversal of the case. The improper conditions and the improper fee should be merely deleted and the conditions of community supervision and the judgment should be reformed. Appellate counsel was not ineffective. *Ex Parte Flores*, 387 S.W.3d 626, 638.

## CONCLUSION AND PRAYER FOR RELIEF

FOR THE FOREGOING REASONS, the undersigned prays that this Honorable Court of Appeals review the analysis herein, and the record of the proceedings below, and make a ruling in accord with *Anders v. California* and its progeny and allow counsel on appeal to withdraw.

RESPECTFULLY SUBMITTED,


_/S/ Deborah Summers_
Deborah Summers
State Bar No. 19505600
11210 Steeplecrest, Suite 120
Houston, Texas 77065
(281) 897-9600
summerspc@sbcglobal.net

ATTORNEY FOR APPELLANT


## CERTIFICATE OF SERVICE


This is to certify that a true and correct copy of the above and foregoing instrument has been furnished to the Harris County District Attorney by depositing same in the drop box designated for the Appellate division of the Harris County District Attorney on this the 20th day of January 2015.

/S/ Deborah Summers
Deborah Summers

17

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4(I), the undersigned counsel certifies that this brief complies with the type-volume limitations of Tex. R. App. Proc. 9.4(e)(I).

1.      Exclusive of the portions exempted by Tex. R. App. Proc. 9.4(i)(1), this brief contains <u>3965</u> words printed in a proportionally spaced typeface.

2.      This brief is printed in a proportionally spaced, serif typeface using Garamond 14 point font in text and 12 point font in footnotes produced by Corel Word software.

3.      Upon request undersigned counsel will provide an electronic version of this brief and/or a copy of the word printout to the Court.

4.      Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in Tex. R. App. Proc. 9.4(j), may result in the Court's striking this brief and imposing sanctions against the person who signed it.

 /S/ Deborah Summers  
Deborah Summers

**Cause No. 01-13-01027-CR**

IN THE FIRST COURT OF APPEALS

RODNEY EUGENE MILUM,  APPELLANT
VS.
THE STATE OF TEXAS, APPELLEE

On Appeal from the 184th Criminal District Court
of Harris County, Texas, Cause No. 1347034
Honorable Jan Krocker, Judge Presiding

**MOTION TO WITHDRAW FROM REPRESENTATION**

TO THE HONORABLE JUSTICES OF THE FIRST COURT OF APPEALS:

Comes now court-appointed appellate counsel, Deborah Summers, and respectfully requests that she be allowed to withdraw from representation on the above referenced appeal and in support would show the Court as follows:

**I**

I have reviewed the appellate record in this cause and have determined that there are no legally cognizable arguments which could conceivably persuade this Court to reverse my client's conviction.  I have attempted to resolve doubts and

A-1

ambiguous legal questions in favor of my client and have not been able to locate one issue which is arguable on its merits.

## II

I have provided my client with a copy of my brief in this cause. I have also provided him a motion to request a copy of the trial transcript and for an extension of time in which to allow Appellant to file a *pro se* brief under the *Anders v. California*, 386 U.S. 738 (1967) procedure. Further, I have informed my client that he has the right to review the appellate record and file a *pro se* brief.

WHEREAS PREMISES CONSIDERED, appellant counsel prays that this Court GRANT this motion and allow counsel to withdraw from representation.

Respectfully submitted,

/s/Deborah Summers

Deborah Summers
11210 Steeplecrest, # 120
Houston, Texas 77065
State Bar no. 19505600
(281)897-9600
summerspc@sbcglobal.net

Counsel for Appellant

# DEBORAH D. SUMMERS, ATTORNEY

11210 Steeplecrest, Suite 120
Houston, Texas 77065
Ofc: (281) 897-9600
Fax: (281) 897-9203

January 20, 2015

Rodney Eugene Milum
19527 Remington Martin Dr.
Houston, Texas 77073

Re: Appeal No. 01-13-01027-CR

Dear Mr. Milum:

Enclosed you will find two items for your attention: (1) the appellate brief I have prepared on your behalf; (2) a motion to request the appellate record and for an extension of time in which to allow you to file a pro se brief under the *Anders v. California*, 386 U.S. 738 (1967) procedure.

After diligently reviewing the appellate record and researching the law applicable in your case, it is my professional opinion that no reversible error was committed in your trial.

As you know, the law provides that you have the right to view the appellate record and file your own brief. I believe you have the trial record from when you filed your *pro se* brief in October of 2014. However, I have enclosed the motion that I send to every client faced with your choice. I would suggest you ask for more time to review my brief and decide if you want to file another *pro se* brief. I have enclosed a motion you may use to exercise this right. If you

B-1

want to file your own brief, sign and mail the Motion to Request the Record and for Extension to: First Court of Appeals, 301 Fannin, Houston, Texas 77002.

We have discussed your options and if you wish to pursue the issues you raised in your *pro se* brief, I recommend you look into filing a writ of habeas corpus. A record will need to be developed to support your allegation that you would have taken the ten year registration over going to trial. If you have any questions, please do not hesitate to contact me.

Sincerely,

Deborah Summers

enc.

**Cause No. 01-13-01027-CR**

IN THE FIRST COURT OF APPEALS

RODNEY EUGENE MILUM, APPELLANT
VS.
THE STATE OF TEXAS, APPELLEE

On Appeal from the 184th Criminal District Court
of Harris County, Texas, Cause No. 1347034
Honorable Jan Krocker, Judge Presiding

## MOTION TO HAVE APPELLATE RECORD MADE AVAILABLE TO APPELLANT AND FOR EXTENSION OF TIME TO FILE A *PRO SE* BRIEF

TO THE HONORABLE JUSTICES OF THE FIRST COURT OF APPEALS:

Comes now Appellant, RODNEY EUGENE MILUM and files this his

Motion to have the appellate record made available to Appellant and for an extension

of time to file a *pro se* brief and would respectfully show the Court as follows:

**I**

I have been served with a copy of the brief filed by my court-appointed

appellate attorney, Ms. Deborah Summers.  She has filed an *Anders* brief along with a motion to withdraw the appeal.  I have been advised by Ms. Summers that I have the right to review the appellate record and file a *pro se* brief.

**II**

It is my desire to review the appellate record and to file a *pro se* brief.  I request that this Court direct the 184th  Criminal District Court to make available to me a copy of the appellate record for my review.  Further, I request that the Court allow me at least thirty (30) days, from the date the Court makes the record available to me to file a *pro se* brief with the clerk of this Court.

WHEREFORE PREMISES CONSIDERED, Appellant prays the Court GRANT Appellant's motion to have the appellate record made available to Appellant and for extension of time to file a *pro se* brief of at least thirty (30) days from the date Appellant receives the appellate record.

Respectfully submitted,

RODNEY EUGENE MILUM