ACCEPTED
12-14-00163-cr
TWELFTH COURT OF APPEALS
TYLER, TEXAS
2/4/2015 11:17:24 PM
CATHY LUSK
CLERK

**NUMBER 12-14-00163-CR**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
2/4/2015 11:17:24 PM
CATHY S. LUSK
Clerk

# IN THE TWELFTH DISTRICT COURT OF APPEALS
# TYLER, TEXAS

## KATHIE MEADOWS SPEARS,
### Appellant

### v.

## THE STATE OF TEXAS,
### Appellee

From the 7th District Court of Smith County, Texas
Trial Cause Number 007-1236-05

## STATE'S BRIEF

## ORAL ARGUMENT REQUESTED

**D. MATT BINGHAM**
Criminal District Attorney
Smith County, Texas

**AARON REDIKER**
Assistant District Attorney
State Bar of Texas Number 24046692
Smith County Courthouse, 4th Floor
Tyler, Texas 75702
Phone:  (903) 590-1720
Fax:  (903) 590-1719
Email: arediker@smith-county.com

# TABLE OF CONTENTS

Index of Authorities..................................................................................................2

Statement of Facts ...................................................................................................3

Summary of Argument.............................................................................................5

**I.ISSUE ONE**:  While a second, nearly identical judgment entered before mandate had issued in appellant's first appeal was void, the original judgment of conviction was still in full force and effect at the time appellant violated the conditions of her community supervision, and therefore the trial court did not abuse its discretion in granting the State's application to revoke...............................................................................................6

Standard of Review..................................................................................................6

Argument..................................................................................................................6

**II.ISSUES TWO AND THREE**:  The assessment of $300 in appointed attorney fees should be deleted from the bill of costs....................................................................10

Argument................................................................................................................10

Certificate of Compliance ....................................................................................12

Certificate of Service.............................................................................................12

# INDEX OF AUTHORITIES

## Texas Cases

*Davis v. State*, 195 S.W.3d 708 (Tex. Crim. App. 2006)..............................................6

*Ex parte Seidel*, 39 S.W.3d 221 (Tex. Crim. App. 2001)..............................................8

*Ex parte Spaulding*, 687 S.W.2d 741 (Tex. Crim. App. 1985) ...................................8

*Flournoy v. State*, 589 S.W.2d 705 (Tex. Crim. App. 1979) ......................................6

*Hardy v. State*, 297 S.W.3d 785 (Tex. App.—Texarkana 2009, pet. ref'd) ...............9

*Isabell v. State*, 494 S.W.2d 572 (Tex. Crim. App. 1973) ..........................................6

*Jones v. State*, 571 S.W.2d 191 (Tex. Crim. App. 1978) ............................................6

*Lundgren v. State*, 434 S.W.3d 594 (Tex. Crim. App. 2014)......................................9

*Nix v. State*, 65 S.W.3d 664 (Tex. Crim. App. 2001) ..................................................7

*Owen v. State*, 352 S.W.3d 542 (Tex. App.—Amarillo 2011, pet. ref'd) .................10

*Simon v. State*, 442 S.W.3d 581 (Tex. App.—San Antonio 2014, no pet.).................9

*Spears v. State*, No. 12-07-00168-CR, 2008 Tex. App. LEXIS 98 (Tex. App.—Tyler
   Jan. 9, 2008, no pet.) ...............................................................................................4

*Speth v. State*, 6 S.W.3d 530 (Tex. Crim. App. 1999) .................................................7

*State v. Moore*, 225 S.W.3d 556 (Tex. Crim. App. 2007)...........................................8

## Texas Statutes

Tex. Code Crim. Proc. Ann. art. 42.12, § 15(b)...........................................................4

## Texas Rules

Tex. R. App. P. 25.2(g) ..................................................................................................9

Tex. R. App. P. 27.1(b) ................................................................................................10

Tex. R. App. P. 34.5(d) ................................................................................................10

**NUMBER 12-14-00163-CR**

---

**IN THE TWELFTH DISTRICT COURT OF APPEALS
TYLER, TEXAS**

---

**KATHIE MEADOWS SPEARS,**
**Appellant**

**v.**

**THE STATE OF TEXAS,**
**Appellee**

From the 7th District Court of Smith County, Texas
Trial Cause Number 007-1236-05

---

# STATE'S BRIEF

---

T‌O THE H‌ONORABLE C‌OURT OF A‌PPEALS:

Comes now the State of Texas, by and through the undersigned Assistant Criminal District Attorney, respectfully requesting that this Court overrule appellant's first alleged issue, and after the assessment of attorney fees is deleted from the bill of costs, affirm the judgment of the trial court in the above-captioned cause.

S‌TATEMENT OF F‌ACTS

After a bench trial, the trial court entered the original judgment of conviction against appellant on 2 April 2007 for the offense of state jail felony theft (Clerk's R.

at 71-72). Appellant received a sentence of confinement for two years in the Texas Department of Criminal Justice—State Jail Division, probated for a term of five years under numerous conditions of supervision (*Id*. at 71-76). This Court affirmed her conviction on 9 January 2008, issuing its mandate on 27 March 2008 (*Id*. at 88-90). *Spears v. State*, No. 12-07-00168-CR, 2008 Tex. App. LEXIS 98 (Tex. App.—Tyler Jan. 9, 2008, no pet.) (mem. op., not designated for publication). On 5 March 2008, three weeks before issuance of the mandate, the trial court entered a second judgment of conviction, almost identical to the first, with nearly the same conditions of community supervision (Clerk's R. at 93-98). Only the dates and names of counsel of record for each party were changed in the second judgment (*Id*. at 93-94), and the specific conditions of community supervision forming the basis of appellant's subsequent revocation are identical in each probation order (*Id*. at 73-76, 95-98). On 25 April 2011, the State filed its first application to revoke appellant's community supervision, and appellant pleaded "true" to each alleged violation (*Id*. at 123-28, 131-32). Nevertheless, the State's application to revoke was dismissed on 30 November 2011, and at the end of the following year, the trial court amended the conditions of supervision, extending the term for an additional five years (*Id*. at 131-32). *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 15(b) (West 2014). On 2 April 2014, the State filed its second application to revoke (Clerk's R. at 134-37), which the trial court

4

granted on 13 June 2014, finding that appellant had violated the conditions of her community supervision by failing to submit mail-in reports and failing to obtain a GED (*Id*. at 146-47; I Rep.'s R. at 46).

## SUMMARY OF ARGUMENT

As the original judgment of conviction and conditions of community supervision were not void, the trial court did not abuse its discretion in revoking appellant's supervision. The original judgment remained in full force and effect despite the subsequent void judgment, entered by the trial court before this Court had issued its mandate in a prior appeal. As the conditions forming the basis of the revocation were contained in the original judgment and supervision order, the trial court properly revoked appellant's community supervision after finding that she had violated them. Lastly, while neither the judgment revoking appellant's supervision nor the withdrawal order show the imposition of any court costs, the bill of costs does reflect the assessment of $300 in appointed attorney fees. Thus, the Court should order the trial court clerk to delete the appointed attorney fees from the bill of costs, or abate the appeal and remand the cause for entry of an appealable order by the trial court.

**I. ISSUE ONE**:  While a second, nearly identical judgment entered before mandate had issued in appellant's first appeal was void, the original judgment of conviction was still in full force and effect at the time appellant violated the conditions of her community supervision, and therefore the trial court did not abuse its discretion in granting the State's application to revoke.

STANDARD OF REVIEW

"The only question legitimately before this Court on a probation revocation proceeding is whether or not there was an abuse of discretion in the trial court," *Flournoy v. State*, 589 S.W.2d 705, 709 (Tex. Crim. App. 1979) (quoting *Isabell v. State*, 494 S.W.2d 572, 573-574 (Tex. Crim. App. 1973)).  Even one sufficient ground for revocation will support the trial court's order revoking probation.  *Jones v. State*, 571 S.W.2d 191, 193 (Tex. Crim. App. 1978).

ARGUMENT

In his first issue, appellant argues that the judgment and supervision order entered on 5 March 2008 were void, and the trial court's subsequent revocation of her community supervision was therefore an abuse of discretion (Appellant's Br. 5, 7-8).  As the Court of Criminal Appeals explained in *Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006):

> In *Basaldua v. State*, we recognized, in the "regular" probation context, that the Legislature has authorized appeal in two instances: (1) from an order granting probation and (2) from an order revoking probation.  There is no legislative authority for entertaining a direct appeal from an order modifying the conditions of community supervision.  A complaint about a modification can, however, be

6

raised in an appeal from a revocation if the validity of the revocation depends on the validity of the modification. (footnotes omitted).

However, "[a] complaint about a condition that was not a basis for revocation," will not be considered on direct appeal. *Id*. at 711. "[A] defendant can raise on appeal from a revocation proceeding an error in the original plea hearing if the error would render the original judgment void." *Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001). "The sentence and the conditions of community supervision are each separate parts of the 'judgment.'" *Speth v. State*, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999). In *Nix*, the Court of Criminal Appeals provided a nearly exhaustive list of errors resulting in a void judgment:

> (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived, in violation of *Gideon v. Wainwright*.

*Nix*, 65 S.W.3d at 668 (footnotes omitted). Further, "for a judgment to be void, the record must leave no question about the existence of the fundamental defect. If the record is incomplete, and the missing portion could conceivably show that the defect does not in fact exist, then the judgment is not void, even though the available portions of the record tend to support the existence of the defect." *Id*. at 668-669. "A void

7

judgment is a nullity from the beginning, and is attended by none of the consequences of a valid judgment. It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights." *Ex parte Seidel*, 39 S.W.3d 221, 225 (Tex. Crim. App. 2001) (quoting *Ex parte Spaulding*, 687 S.W.2d 741, 745 (Tex. Crim. App. 1985) (Teague, J., concurring)).

Regarding the second voiding defect listed in *Nix*, "the subject-matter jurisdiction of the trial court over the case and the defendant extends, should the defendant timely file a sufficient notice of appeal, to the point in time at which the record is filed in the appellate court." *State v. Moore*, 225 S.W.3d 556, 568 (Tex. Crim. App. 2007). As the trial court lacked jurisdiction to enter the 2008 judgment and supervision order before this Court had issued its mandate in the appeal of the original judgment of conviction, the 2008 judgment appears to be void. However, both the original supervision order and the 2008 order contained the following identical conditions (Clerk's R. at 73-76, 95-98):

> If supervision of your case is transferred from Smith County, send completed, dated and signed mail-in reports to your Smith County Supervision Officer by the 15th of each month[1].

> Obtain a GED within 1 year and provide proof to your supervision officer for which you will receive 50 hours credit for Community Service Restitution[2].

---

[1] Condition 32 in the original supervision order and condition 33 in the 2008 order.
[2] Condition 59 in the original supervision order and condition 60 in the 2008 order.

8

At the revocation hearing on 13 June 2014, and based on her pleas of "true", the trial court found that appellant had violated both of these conditions as alleged in the State's application to revoke (*Id.* at 134-37, 146-47; I Rep.'s R. at 46). The conditions forming the basis for the revocation of appellant's community supervision were thus present in the original judgment (Clerk's R. at 73-76). "[I]f a defendant files a timely and effective notice of appeal, that filing stays the commencement of the community-supervision term imposed until appellate mandate has issued affirming the judgment of conviction." *Lundgren v. State*, 434 S.W.3d 594, 598 (Tex. Crim. App. 2014). *See* Tex. R. App. P. 25.2(g). After this Court issued its mandate on 27 March 2008, Conditions 32 and 59 in the original judgment remained in full force and effect and were unaffected by the void judgment subsequently entered by the trial court. *See Hardy v. State*, 297 S.W.3d 785, 792 (Tex. App.—Texarkana 2009, pet. ref'd) (original order placing defendant on community supervision in full force and effect despite subsequent void order releasing him from supervision). *Cf. Simon v. State*, 442 S.W.3d 581, 585 (Tex. App.—San Antonio 2014, no pet.) (modification of supervision order before mandate issued was void, and because subsequent revocation based solely on violation of that condition, trial court abused its discretion). Therefore, the trial court did not abuse its discretion in revoking appellant's community supervision based on these conditions, and her first alleged issue should be overruled.

**II. ISSUES TWO AND THREE**:  The assessment of $300 in appointed attorney fees should be deleted from the bill of costs.

ARGUMENT

In her second and third issues, appellant argues that the trial court erred by imposing appointed attorney fees as court costs and that the Smith County District Clerk erred by including these fees in the itemized bill of costs (Appellant's Br. 9-15). The record does not reflect the trial court's imposition of any court costs following the revocation of appellant's supervision, either in the judgment or the withdrawal order (Clerk's R. at 146-51).  However, the bill of costs does show the assessment of $300 in appointed attorney fees as court costs by the District Clerk (*Id*. at 151-52).  While the bill of costs itself does not appear to be a final, appealable order, and the appellant's claims are most likely premature, this Court may abate the appeal, remand the cause for entry of an appealable order granting or denying relief on the erroneous bill of costs, and then order the trial court clerk to prepare and file a corrected bill, if necessary. *See* Tex. R. App. P. 27.1(b), 34.5(d); *Owen v. State*, 352 S.W.3d 542, 548 (Tex. App.—Amarillo 2011, pet. ref'd) (appeal abated and cause remanded for entry of final, appealable order by trial court and trial court clerk subsequently ordered to prepare and file a corrected bill of costs and withdrawal notification).

PRAYER

WHEREFORE, PREMISES CONSIDERED, the State of Texas prays that the Court overrule appellant's first issue, and after the assessment of attorney fees is deleted from the bill of costs, affirm the judgment of the 7th District Court of Smith County, Texas, in the above-captioned cause.

Respectfully submitted,

D. MATT BINGHAM
Criminal District Attorney
Smith County, Texas

/s/  Aaron Rediker
Aaron Rediker
Assistant District Attorney
SBOT #:  24046692
100 North Broadway, 4th Floor
Tyler, Texas 75702
Office:  (903) 590-1720
Fax:  (903) 590-1719 (fax)
arediker@smith-county.com

11

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned attorney certifies that the word count for this document is 1,900 words as calculated by Microsoft Word 2013.

/s/  Aaron Rediker
Aaron Rediker

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 4th day of February 2015, the State's Brief in the above-numbered cause has been electronically filed, and a legible copy of the State's Brief has been sent by email to James W. Huggler Jr., attorney for appellant, at jhugglerlaw@sbcglobal.net.

/s/  Aaron Rediker
Aaron Rediker